IN RE ESTATE OF HERMAN WASHINGTON CALDWELL.

DAVIDSON REALTY COMPANY et al., Appellants, v. CHARRY THERESA CALDWELL, Executrix, Appellee.

**APPEAL AND ERROR:** Notice—Claim in Probate—Legatees Unneces-
1   sary Parties. In an appeal from a holding that a claim in probate was not payable from life insurance funds, notice of appeal is all-sufficient when served solely on the executor, the legatees not being parties to the controversy.

**WILLS:** Testamentary Power—Proceeds of Life Insurance. A testator
2   may validly dispose by will of the proceeds of life insurance payable

to his estate, and make such proceeds subject to the payment of his debts. Such result is effected by a will (1) which provides for the payment of testator's debts, and (2) which devises the life insurance proceeds subject to such debt proviso.

**Headnote 1:** 3 C. J. pp. 1216, 1217, 1218. **Headnote 2:** 40 Cyc. pp. 1049, 2064, 2066.

**Headnote 1:** 2 R. C. L. 110. **Headnote 2:** 43 A. L. R. 573.

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD, Judge.

OCTOBER 25, 1927.

This appeal involves the right of certain claimants against the estate of H. W. Caldwell, deceased, to have their claims, which were approved by the executrix, and allowed by the court as claims of the third class, paid out of the proceeds of life insurance. The court held that the life insurance was not subject to the payment thereof, and the claimants appeal.—*Reversed.*

*S. G. Pickus, Maennel & Gunnell, Henderson, Fribourg, Hatfield & Fribourg,* and *Tomlinson & Tomlinson,* for appellants.

*Milchrist, Jepson, Marshall & Jepson,* for appellee.

STEVENS, J.—The questions presented for review arise upon exceptions of appellants to the final report of the executrix. Before considering the issues thus raised, we will dispose of the

1. APPEAL AND
ERROR: notice:
claim in probate: legatees
unnecessary
parties.

motion filed by appellee to dismiss the appeal. The executrix alone was served with notice of the appeal. It now appears that she has made final distribution of the estate to the legatees named in the will, and been discharged as executrix. This was all done after the order and judgment appealed from was entered. It is true that the legatees to whom distribution has been made have a monetary interest in the result of this appeal, but they are not now, and never, in fact, have been, parties to the record. The service of notice upon the executrix was all that

was necessary. As stated, the issues tried were presented by the exceptions and objections of appellants to the final report, and any distribution made of the personal property by the executrix is subject to the result of this appeal. The legatees are not parties in such sense that it was necessary that they be served with notice of the appeal. The motion is overruled.

The will of the decedent in Item 1 directed that all just and lawful debts of the testator and the expenses of his last sickness and burial be paid as speedily after his death as practicable.

2. WILLS: testamentary power: proceeds of life insurance.
This item is followed by others, in which a number of specific bequests not in any way in controversy in this proceeding are made. Item 7 of the will, which is the one in controversy, is as follows:

"Item VII. Subject to all the foregoing, and to the payment of the costs and expenses of administration of my estate, I do hereby give, devise and bequeath all the rest, residue and remainder of my estate, whether real, personal, or mixed, and wheresoever situate (including the proceeds of all policies of life insurance and accident insurance, which are, or at the time of my death are payable to my executors, administrators, or to my estate), unto the First National Bank of Sioux City, Woodbury County, Iowa, as trustee * * *."

The claims of appellants were filed, and allowed by the executrix, and found by the court to be just, but the assets of the estate, outside of the life insurance, were insufficient to pay them. The court held that the proceeds of the life insurance are not subject to, or liable for, the payment of testator's debts, and overruled the exceptions and objections of appellants to the final report. This presents the only question before us for decision.

Two propositions are relied upon by appellee for affirmance. They are (a) that the will in question does not attempt to charge the debts of the testator upon the proceeds of insurance, and (b) that the avails of life insurance payable to the estate of the deceased are not chargeable with the payment of his debts. The contention of appellant, of course, is that neither of the foregoing propositions are true. It has been held in other jurisdictions, in which the right of the insured to make testamentary disposition of insurance is recognized, that the intention to so dispose of it must be clearly expressed in the instrument. *Chris-*

*man v. Chrisman,* 141 Tenn. 424 (210 S. W. 783); *Cooper v. Wright,* 110 Tenn. 214 (75 S. W. 1049); *Blouin v. Phaneuf,* 81 Me. 176 (16 Atl. 540).

The devise of the proceeds of the testator's policies of life insurance is specifically made subject to the prior provisions of the will. This, it seems to us, evinces a clear purpose on his part to provide for the payment of his debts out of the proceeds of his life insurance. The first item of the will related to the payment of debts and other expenses, and the clause quoted makes the bequests thereof subject to the prior provisions.

This being the intention of the testator, clearly expressed in the will, the next and more important and difficult question presents itself: Did the testator have a right, first, to dispose of the proceeds of life insurance by will, and second, to subject the same to the payment of his debts? The first question is answered by the recent decision of this court in *Miller v. Miller,* 200 Iowa 1070, and need not be discussed herein. Commencing with the Code of 1851, there has at all times been a provision in the statutes of this state exempting the avails of life insurance from the debts of the deceased, except where the same is made liable by special contract or arrangement with the decedent. Section 1330, Code of 1851; Section 2362, Revision of 1860; Sections 1182 and 2372, Code of 1873; Section 1805, Code of 1897; Section 8776, Code of 1924. The language employed by the legislature at the time of each revision of the Code has been varied somewhat, but the substance is identical. We held in *Miller v. Miller,* supra, that these statutes have not limited, and do not limit, the right of the insured to make testamentary disposition of life insurance. They were designed to protect the wife and children against the claims of creditors of the decedent. In other words, the statute has always exempted life insurance from the payment of the debts of the deceased insured, but were they designed to limit the right of the insured to dispose thereof by will? We think not. The exceptions noted in the statute merely recognize and preserve the contractual rights of the insured and of those affected by such contracts or arrangements. It is now a matter of common knowledge that most, if not all, ordinary insurance policies contain provisions giving them a loan value and consenting to their assignment. Section 8776, Code of 1924, contains many provisions not found in earlier enactments, but

their bearing, if any, upon the question before us was fully discussed in *Miller v. Miller,* supra, and the discussion need not be repeated. The decision in the *Miller* case is really decisive of all matters involved in this controversy. The conclusion announced therein that no limitation is imposed by statute upon the power of the insured to make testamentary disposition of the proceeds of life insurance where the policy is payable to his estate or his executor is adhered to. But few cases from other jurisdictions of particular bearing upon the questions presented have been brought to our attention; but see *Union Trust Co. v. Cox,* 108 Tenn. 316, and *Cooper v. Wright,* 110 Tenn. 214.

The right of the insured to dispose of life insurance by will necessarily carries with it the right to set the same aside for the payment of debts. His right to do this is not prohibited by statute in this state. It follows that the order and judgment of the court below must be, and it is, reversed.—*Reversed.*

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.