ROBERT DE COOK, Administrator, Plaintiff, Appellee, v. GLADYS JOHNSON et al., Defendants, Appellants, I. E. JACKSON, Defendant, Appellee.

No. 44552.

FEBRUARY 14, 1939.

Irving C. Johnson, for appellee.

Palmer & Spencer, for defendant, appellee.

Edward A. Schmidt and McCoy & McCoy, for defendants, appellants.

HAMILTON, J.—The real estate involved admittedly was the homestead of Hannah G. Johnson, the titleholder, and her surviving husband, Samuel E. Johnson. Mrs. Johnson died testate June 13, 1933. Her will which was duly admitted to probate contained the following provisions:

"FIRST: I order and direct that my EXECUTOR hereinafter named, pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"SECOND: After the payment of such funeral expenses and debts, I give, devise and bequeath all my property, both real and personal, and any property or money that I should inherit, to my beloved husband, Samuel E. Johnson, to have and to use during his lifetime, and at his death, after all indebtedness and funeral expenses are paid; I direct that all my property, real, personal or money, be divided equally between my living children, George Johnson, of Oskaloosa, Iowa, John E. Johnson, of Reinbeck, Iowa, and Alta P. Johnson, of Los Angeles, California. Should any of the above named children have died, then all my property, real, personal or cash, be divided share and share alike between my living children."

The residuary legatees, George Johnson, John E. Johnson, and Alta P. Johnson were the children and only heirs at law of Hannah G. and Samuel E. Johnson. Prior to the death of Samuel E. Johnson, all of the aforesaid children joined in a deed to the homestead premises conveying the same to Gladys and Carl H. Johnson in consideration of their care and keep of Samuel E. Johnson. Samuel E. Johnson died intestate March 3, 1936, and the plaintiff, Robert De Cook, was duly appointed administrator of his estate on November 23, 1936.

Prior to his death, Samuel E. Johnson had received old-age assistance and one of the claims involved was that of the Iowa old-age assistance commission in the sum of $256.60. There was also a claim of $100 for funeral expenses and an $8 claim for digging the grave. All of these claims were duly allowed by the administrator and there is no dispute as to the validity of the claims. The only question being whether or not the homestead property was subject to the payment of said claims. There is no claim made by appellants that there existed any other property. In fact, it is asserted in appellants' reply argument that:

"As soon as the decree was entered in this case, the plaintiff sold the said homestead for the sum of $400.75, barely enough to pay the claims filed against the said estate, leaving absolutely nothing with which to pay the said Gladys Johnson for her three years' care and support of Samuel E. Johnson." No question is raised as to the method of procedure adopted.

Appellants rely upon the rule announced by this court in numerous cases, the last expression being found in Long v. Northup, 225 Iowa 132, 279 N. W. 104, 116 A. L. R. 1475, to the effect that a general provision in a will for the payment of the just debts and funeral expenses is not sufficient to charge the homestead property with the payment of the debts of the testator. In order to make the devise subject to the payment of testator's debts, the language of the will must be unequivocal and imperative. However, in the instant case, we are not dealing with a general direction for the payment of testator's debts. Paragraph "First" of testatrix's will is not involved. The claims are for funeral expenses and old-age assistance filed against the administrator of the estate of Samuel E. Johnson who, under the terms of the last will and testament of Hannah G. Johnson, was given a life estate only in the property involved "to have and to use during his lifetime and at his death, after all indebtedness and funeral expenses are paid" the property was to go to the three children. Clearly, the language "after all indebtedness and funeral expenses are paid" referred to the indebtedness and funeral expenses of Samuel E. Johnson and by this provision a condition was imposed upon the devise to the children who took the property subject to the payment of the indebtedness and funeral expenses of Samuel E. Johnson.

This holding finds support in the cases: In re Estate of

Schultz, 192 Iowa 436, 185 N. W. 24; In re Estate of Caldwell, 204 Iowa 606, 215 N. W. 615; 2 Corpus Juris 395, 398; Luckenbill v. Bates, 220 Iowa 871, 263 N. W. 811, 103 A. L. R. 252.

The decree of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur.