JOHN DEKOSTER, Trustee, Appellant, v. JAMES ROGGEN et al., Appellants; JOHN DEKOSTER, Guardian, et al., Appellees.

No. 45361.

Dᴇᴄᴇᴍʙᴇʀ 31, 1940.

 

Diamond & Jory, for appellants.

Henry J. TePaske and T. E. Klay, for appellees.

Oʟɪᴠᴇʀ, J.—This is an action in probate for the construction of the will of Arien G. Roggen of Hull, Sioux county, Iowa, of date June 9, 1934, which was admitted to probate later in that year. The parts of said will material hereto are as follows:

"Par. 3. I give devise and bequeath unto my executor hereinafter named all of my estate and effects of which I may die possessed, in trust. This refers to all property, real, personal or mixed and wherever the same may be found at the time of my death. This to be held in trust for the benefit of my beloved wife, Alida Roggen; and she, my wife, Alida Roggen, to get all rents, interests, bonuses and all the benefits whatsoever during her natural life.

"Par. 4. After the death of myself and wife, I then direct that my estate be divided as follows: Gerrit Roggen 1/8th, James Roggen 1/8th, Ella Roggen 1/8th, Katie Roggen Koerselman 1/8th, John A. Roggen 1/8th, Mary Roggen Koele 1/8th, Tillie Roggen Lutjens 1/8th, and the two children of my deceased daughter Martje 1/8th (These two children being Arie Geurink and Dena Geurink) However, it is to be understood that my

home in Hull, Iowa, * * * be first set aside for my daughter Ella, she being a person unable to take care of herself and her own affairs and I hereby wish to also nominate my sons Gerrit and James to be her guardian and to attend to her affairs. This home to become the property of Ella and if sold the benefits to be used for my daughter Ella and in case of her death, then the proceeds to be divided, share and share alike among my six children, Gerrit, James, Katie, John, Mary and Tillie.

"Par. 5. When the division is made, I direct that the Welcome Township farm be bought from the estate by, and my executor sell, to Gerrit James and John, and that the Capel Township farm be bought and my executor sell to, Katie, Mary and Tillie and the consideration per acre for these farms to be the sum of Fifty ($50.00) Dollars per acre.

"Par. 6. The title to the Welcome Township farm, * * * (NE¼ and N½ of SE¼) Sec. 13, * * * to go to Gerrit James and John as above stated and they to give mortgage to Ella $1500.00 to Arie Geurink $750.00 and to Dena Geurink $750.00. This to be a first mortgage running to the above named three.

"Par. 7. The title to the Capel Township farm, being the E½ NW¼ and NE¼ all of Section 18, subject to all of the legal highways (Excepting fifteen acres * * *) Also the West fourteen acres of NW¼ of NW¼, Section 17—— * * * : This Capel Township farm is to go to my daughters Katie Koerselman, Mary Koele and Tillie Lutjens and they to give mortgage to Ella Roggen $1500.00 to Arie Geurink $750.00 and Dena Geurink $750.00. This to be a first mortgage on the premises above described.

"Par. 8. As you will notice it is my intention to divide my estate in such a way that some are to: get the land and others to get the mortgages on the land, and the land to be considered worth $50.00 per acre in this division. Ella to get in addition to what the others and she receive the home in the Town of Hull. This paragraph only as an explanation.

"Par. 9. If any of my children owe my estate at the time of my death, that debt to be first paid to the executor of my estate or to be deducted from his or her share of the estate."

Paragraph No. 10 nominates his wife, Alida Roggen, executrix without bond.

The widow, Alida Roggen, qualified and acted as executrix under the will but did not qualify or attempt to act as trustee. In 1938, plaintiff, John DeKoster, was appointed trustee by the court and this action was instituted by him in such capacity. All the beneficiaries under the will were made parties defendant, except the widow, who was then living but is now deceased. The parties stipulated that at the date of testator's death, August 5, 1934, the actual market value of the farm land described in his will was more than $50 per acre; and that John DeKoster, as trustee (appellant), desires only a proper construction of the will and is not interested in the controversy between the beneficiaries. The real parties in interest on the one side are the incompetent Ella Roggen (John DeKoster guardian) and Dena Geurink and Arie Geurink (children of Martje), all appellees. Opposing them are testator's other six children, appellants.

The substance of the material provisions is as follows:

I give all my estate to my wife, Alida (executor), in trust for the benefit of my wife during her natural life. After her death I direct that my estate be divided as follows—⅛ to each child—(Martje's ⅛ to her two children). When the division is made I direct that the Welcome Township farm be bought from the estate by and my executor sell to my three sons, the consideration to be $50 per acre. (Same provision for Capel Township farm to the three appellant daughters.) The title to the Welcome Township farm to go to the three sons as above stated and they to give first mortgage to Ella (incompetent daughter) for $1,500 and $750 each to Martje's two children. This Capel Township farm is to go to my three (appellant) daughters and they to give mortgage to Ella for $1,500 and $750 to each of Martje's two children.

It is my intention to divide my estate in such a way that some are to get the land and others to get the mortgages on the land, and the land to be considered worth $50 per acre in this division. Ella to get the home in Hull, in addition. This paragraph only as an explanation.

The trial court construed the will as passing title in all the real and personal property of said estate to the trustee in fee, and held that it gave options to the appellant sons and daughters respectively to purchase the respective farms at $50 per

942

acre; the mortgages to appellees (aggregating $3,000 on each farm) to be included in said fixed purchase price; the balance of said purchase price, after deducting said mortgages, together with other personal property in the trust, to be divided 1/8 to each child and 1/16 to each of Martje's two children. If the options are not exercised the sale price of the land, to another purchaser, is to be disposed of in the same manner, i. e., the amounts of appellees' mortgages are to be deducted and paid appellees, and the balance divided 1/8 to each child and 1/16 to each of Martje's daughters.

Appellants assign as error the holding that appellees were to receive anything from the two farms except the mortgages amounting to $3,000 on each farm; and the refusal to hold that the two farms were devised to the respective appellants, each farm to be burdened with mortgages to appellees totaling $3,000.

The general rule to be followed in construing provisions of a will has been often repeated:

"The will must be taken by its four corners and the intent of the testator must be gathered from the entire will and all parts thereof must be construed and given force and effect, if possible, to determine what was the intent of the testator from the wording of the will itself." In re Estate of Flannery, 221 Iowa 265, 271, 264 N. W. 68, 71.

The will provides that the estate be divided 1/8 to each child; that in the division one 240-acre farm be bought from and sold by the estate to the three sons and the other to the three competent daughters; that the title to the one farm shall go to the three sons and the other farm to the three competent daughters; that appellees shall be given first mortgages on each farm aggregating $3,000 and that it is testator's intention to divide his estate in such a way that some of the beneficiaries get the land and others the mortgages on the land, the land to be considered worth $50 per acre in this division.

Under the general rule the expressions relative to the sale of the land to the children should be construed in connection with all other related provisions. Usually the words "bought" and "sold" have a definite meaning. But if all the provisions

relative to the disposition of this land are taken into consideration we do not think the testator expressed the intent that the children should take it by purchase. The will specifically states that the title to one farm shall go to the three sons and the other farm to the three competent daughters, who shall give specific mortgages thereon to the other beneficiaries and finally that testator intends to divide his estate so that some should get the land and others the mortgages.

It is quite apparent that the "explanation", in paragraph No. 8, of testator's intent with reference to the division of this part of his estate was made for the purpose of clarifying the meaning of the preceding paragraphs of the will and we think it does so. In so many words it is stated that some (the six children) are to get the land (these two farms) and others (the incompetent and the grandchildren) to get the (afore-mentioned) mortgages on the land. This "explanation" considered in connection with the previous provisions that this land is to go to these six children does not accord with the theory of a purchase or option to buy. Nor does the will contain other provisions to support this theory. The only mention of any proceeds from these lands refers to the specific mortgages in question. Had an actual sale been contemplated, with other proceeds to be divided among all the beneficiaries, including appellees, it is fair to assume the will would have contained some direct reference to such other proceeds. The absence of such mention is hardly consistent with the theory that appellees are to receive other mortgages or money from this land. We think it reasonably clear from the terms of the will that it does not contemplate the actual sale and purchase of these farms but that it gives them to the respective beneficiaries burdened with the mortgages to appellees.

The will was drawn somewhat inartistically and the procedure provided for making distribution was unusual. Among other things, the duties required of the widow as executor (trustee) in connection with the "distribution" were to be performed after her death. Whether testator provided for the gifts of the land in the form of sales and through the intervention of a trustee because he thought it necessary to so proceed in order to legally burden such gifts with the amounts given to appellees

or for some other reason is not of primary importance in view of our conclusion that the expressed intent of testator was to give the land to appellants.

■ It may be noted that one farm appears to contain 240 acres and the other about 239 acres. Assuming the total to approximate 480 acres, the value of the land, at $50 per acre, would be $24,000. The mortgages to Ella on the two farms will aggregate $3,000, or ⅛ of this amount, and likewise the mortgages to the two grandchildren. This will substantially accord with the provision in paragraph No. 4 of the will that the estate be divided into eighths. However, appellees argue that since the land was actually worth more than $50 per acre their shares are less in value than the others. The answer to this is that the testator fixed the value for the purposes of the will at $50 per acre. This is a provision which the testator had the right to place in his will. That it may result in some inequalities cannot affect its validity or alter the construction to be placed upon his will. In Walterman v. Walterman, 193 Iowa 67, 186 N. W. 446, certain lands specifically devised at fixed values were worth much more at the time of the death of the testator but the court held that such fixed values and not the actual values should be used in determining the amount to be charged against the shares of the respective beneficiaries. The distribution approved by the court in that case did not result in actual equality of value although the will contained a provision that the estate should be divided in equal parts.

■ Appellees contend that under the foregoing construction the later provisions of the will are repugnant to earlier provisions, and, therefore, invalid. They rely upon In re Estate of Bigham, 227 Iowa 1023, 290 N. W. 11; Mann v. Seibert, 209 Iowa 76, 227 N. W. 614; Phillips v. Phillips, 217 Iowa 374, 251 N. W. 511, and other cases cited in these decisions. The rule referred to in these cases is summed up in Iowa City State Bank v. Pritchard, 199 Iowa 676, 678, 202 N. W. 512, 513, as follows:

"This is but to say that the intention of the testator as expressed in the whole will is to be given effect, if possible, and that no part or provision of the will is to be rejected unless so repugnant to a prior unequivocal devise or bequest as that they cannot both stand; in which case a first gift in unambiguous

language of the fee or entire estate will prevail over a subsequent attempt to limit the estate so given.''

Under this rule we do not think the provisions in question are invalid. Paragraph No. 8 of the will does not limit or destroy prior gifts made unequivocally and in unambiguous language. It merely explains and clarifies preceding paragraphs and, with paragraphs Nos. 5, 6 and 7, prescribes the rule by which the shares of the beneficiaries shall be determined for the purpose of distribution. Walterman v. Walterman, supra. Nor do we agree that testator's dominant intention in distributing his residuary estate was other than as stated in paragraph No. 8.

This case has been ably presented by counsel for the respective parties. The arguments are rather broad in scope and are not lacking in persuasion. It is not practicable to discuss them in detail. However, they have been carefully considered. The conclusion reached herein that appellees are entitled to receive from the two farms the mortgages described in the will, and no more, requires the reversal of that portion of the order and judgment which held to the contrary.—Reversed.

RICHARDS, C. J., and MITCHELL, STIGER, SAGER, HAMILTON, HALE, MILLER, and BLISS, JJ., concur.