BRIDGET SHOBERG, Appellant, v. DANIEL ROCK et al., Appellees.

No. 45510.

808

June 17, 1941.

Rehearing Denied September 26, 1941.

John J. Hess and Tamisiea & Tamisiea, for appellant.

S. R. DeCou and Welch, Acrea & Welch, for Daniel Rock, Mrs. Daniel Rock, John Rock, and Daniel Rock as executor of the estate of Ed Rock, deceased, appellees.

Carl V. Burbridge and Roy E. Havens, for Mary McGinty and Nora Adams, appellees.

Stiger, J.—Edward Rock died testate in Harrison County in 1938. The beneficiaries in his will are his brothers and sisters and a nephew, Daniel Rock. The material portions of the will read:

"First, I order and direct that my executor pay all my just

debts and funeral expenses as soon after my decease as may be.

"SECOND, after the payment of such funeral expenses and debts, I give, devise and bequeath my home farm in Douglas Twp., Harrison County, consisting of 255 acres to my sister, Mrs. Bridget Shoberg, and my nephew, Daniel Rock, each to share alike in the farm, and in case of her death the part of farm is to be given to my nephew Daniel Rock, and in case of his death before my sister, Mrs. Bridget Shoberg, it goes to his son and heir, Patrick Rock, and at his death the next heir.

"And the live stock is to be sold and the proceeds to be divided between my brother, John Rock and my sister, Mary McGinty and my sister, Nora Adams, said division to be equal.

"I choose the ownership of my farm to be heir to the Daniel Rock family."

Plaintiff, a sister of the testator, brought this suit to construe the will claiming that paragraph two gives her a fee title to an undivided one-half interest in the real estate devised therein.

Daniel Rock, a co-devisee in paragraph two, asserts that plaintiff, Bridget Shoberg, was given a life estate only in the farm. His contentions are as follows:

"1. The appellant Bridget Shoberg, who is a surviving sister of the testator, was given a life estate only in an undivided one-half interest in the real estate of which he died seized.

"2. The appellee Daniel Rock, who is a surviving nephew of the testator was given a vested remainder in all of the real estate of which the testator died seized, subject only to the life estate of Bridget Shoberg in and to an undivided one-half interest therein.

"3. That the vested remainder devised to the nephew Daniel Rock can only be divested in the event that he, the said Daniel Rock, predeceases Bridget Shoberg, and in that event Patrick Rock, the son of Daniel Rock, will take a vested remainder in said property free from any claim thereto in favor of Bridget Shoberg."

The trial court construed paragraph two as follows:

"A life estate in an undivided one-half of said real estate to Bridget Shoberg. A fee simple title in all of said real estate to Daniel Rock, subject to being divested in favor of Patrick Rock and his heirs if Daniel Rock dies before Bridget Shoberg."

Mrs. Shoberg appealed from this part of the decree.

We are of the opinion that plaintiff was devised a fee title to an undivided one-half interest in the real estate. The words "and in case of her death" refer to her death during the lifetime of the testator. The devise "to my sister, Mrs. Bridget Shoberg, and my nephew, Daniel Rock, each to share alike in the farm, and in case of her death the part of farm is to be given to my nephew Daniel Rock" devised a fee to an undivided one-half interest in the land to Mrs. Shoberg if she survived the testator.

A devise over on the contingency of the first taker's death refers to death in the testator's lifetime unless a contrary intention is found in other provisions of the instrument or circumstances surrounding the execution of the will. Williams v. Allison, 33 Iowa 278; Atchison v. Francis, 182 Iowa 37, 165 N. W. 587, L. R. A. 1918 E, 1087; Tomlin v. Laws, 301 Ill. 616, 134 N. E. 24, 26 A. L. R. 606; New Jersey Title Guarantee & Trust Co. v. Snyder, 103 N. J. Eq. 502, 143 A. 725; 69 C. J. 299.

This rule has been extended in this State where the devise of the fee to the primary devisee is coupled with a devise over if said devisee dies without issue. Collins v. Collins, 116 Iowa 703, 88 N. W. 1097; Tarbell v. Smith, 125 Iowa 388, 101 N. W. 118; Blain v. Dean, 160 Iowa 708, 142 N. W. 418. See, however, In re Estate of Clifton, 207 Iowa 71, 218 N. W. 926; Guilford v. Gardner, 180 Iowa 1210, 162 N. W. 261.

The paragraph "I choose the ownership of my farm to be heir of Daniel Rock family" does not, as contended by appellee, Daniel Rock, suggest an intention to give the testator's sister, Mrs. Shoberg, only a life estate. The word "heir" is obviously not used in its technical sense and it is quite manifest that the "Daniel Rock family" does not refer to the family of testator's nephew, Daniel Rock, but refers to the family of Daniel Rock, original owner of the farm and father of testator and his brothers

and sisters. Mrs. Shoberg is a member of or "heir" of the Daniel Rock family.

The appellee, Daniel Rock, offered the testimony of the physician who drew the will who stated the testator told him he wanted his sister, Mrs. Shoberg, to have a life estate in the farm. This testimony was inadmissible. The intent of the testator is clearly expressed by the language of the will and the rules of construction applicable thereto. There being no ambiguity or obscurity in the language employed by the testator, extrinsic evidence to show an intent different than expressed in the instrument is inadmissible. Scott v. Scott, 137 Iowa 239, 114 N. W. 881, 23 L. R. A., N. S., 716, 126 Am. St. Rep. 277; Boehm v. Rohlfs, 224 Iowa 226, 276 N. W. 105; Mann v. Siebert, 209 Iowa 76, 227 N. W. 614.

II. The legatees under paragraph three of the will appealed from the decision of the trial court that their bequest, the proceeds of the sale of the livestock, "be first resorted to for the payment of debts before the real estate shall be proceeded against for such purpose."

The question before us is whether the specific devise of the real estate in paragraph two or the specific legacy in paragraph three of the proceeds of the sale of the livestock is to be primarily charged with the payment of the debts of the estate. It is conceded that the personal property other than the specific legacy is insufficient to pay the debts. For a definition of a specific legacy, see In re Estate of Carpenter v. Wiley, 166 Iowa 48, 147 N. W. 175.

Where the will directs a sale of the property and that the proceeds be given to designated persons the gift of the proceeds is a specific legacy. In re Torchiana's Estate, 292 Pa. 470, 141 A. 294; Words and Phrases, Permanent Ed., Volume 39, page 771.

As we are of the opinion the testator intended to charge the real estate with the payment of his debts, it is unnecessary for us to consider whether the specific legacy should be applied to payment of the debts ahead of the specific devise of real estate or whether they must contribute pro rata. As bearing on this question, see Wilts v. Wilts, 151 Iowa 149, 130 N. W. 906.

Paragraph two states "after the payment of such funeral expenses and debts, I give, devise and bequeath my home farm * * * to my sister, Mrs. Bridget Shoberg, and my nephew, Daniel Rock," etc.

The next paragraph reads "And the live stock is to be sold and proceeds divided between my brother, John Rock, my sister, Mary McGinty, and my sister, Nora Adams, said division to be equal."

Paragraph two gives the real estate to the devisees subject to the payment of debts. We find nothing in the instrument that indicates any other intention. Paragraph three bequeaths the proceeds of the livestock without qualification. The property owned by the testator at the time his will was drawn was apparently about the same as at the time of his death which occurred shortly after the will was executed. The amount of the debts is more than the value of the livestock bequeathed by paragraph three. If the proceeds of the sale are primarily charged with the payment of debts the beneficiaries under paragraph three will receive nothing under the will. We do not believe the testator so intended.

We hold the testator, by paragraph two, charged the payment of his debts primarily on the real estate.—Reversed on both appeals.

BLISS, WENNERSTRUM, SAGER, and MILLER, JJ., concur.

MITCHELL, GARFIELD, and OLIVER, JJ., dissent.