In re Estate of William Schmitz.

J. J. Jennings, Administrator de bonis non, et al., Appellees,
v. Society of the Divine Word, Appellant.

No. 45808.

May 5, 1942.

Dan J. Buckley, for appellant.

Victor E. Spittler, G. O. Hurley, and J. J. Jennings, for appellees.

Wennerstrum, J.—The administrator de bonis non of the estate of William Schmitz filed, in the probate proceedings, an application for the construction of decedent's will. The trial court, upon presentation of this matter, found against the contentions of the Society of the Divine Word, which was a beneficiary named in the will and had filed a resistance to the administrator's application to have the will construed in keeping with

his interpretation. The Society of the Divine Word has appealed.

The will which was construed is hereinafter set out:

"Westphalia March 24th 1920      Testament an Will!

"I William Schmitz a Widow residing in the County of Shelby State of Iowa being of sound and desposing mind and memory to mak publish and Declare this Instrument is my Will and testament.

"Claus I  It is my Will that my funeral expens and all my Depts to be paid first and four hundert Dollers, 400, for holy Masses.

"Claus II  I William Schmitz promes fife tausent Dollers, 5000, to the Society of the Divine Word of Techny Illinois for a Boy Stuten with the agreement if there evere be a Boy in Family one in the Parish of Westphalia the shall be taken first and the fife tausent Doller shall be paid after my Death as following my Son Dr. Will. Schmitz shall pay three tausent Doller and the Chiltern by name John, Tony, Henry, Joseph, Marie Schmitz Hargarten hav to pay the two tausent Dollers my Dauther Anna Langenfeld is free thereof.

"Claus III  My Dauther Anna Schmitz Langenfeld ows me a note of two tausent Dollers, 2000, after my Death she shall hav the note back againg withouth paing for the same.

"I paid my Dauther Mari in Milwaukee six tausent Dollers, 6000, wathever Chile got and I say further that Mari and Will shall hav the one hundert and sixty akers Farm wath they call the George Schechinger Farm for One hunderd Doller per aker. Than the rest wathever is in my name so as money, nots and cretis shall be Devidet equaly to all the chiltern.

"Claus IV  I nominate and apoinding as joint atministrator my two sons John and Tony J. Schmitz withouth given Bonds."

The trial court found and held: (1) That clause 2 of the will created a bequest in favor of the appellant in the sum of $5,000, but that said bequest was not directly or expressly charged against any specific property owned by the testator; (2) that said legacy was a charge solely against the residuary legacies of William Schmitz, John Schmitz, Tony Schmitz, Joseph Schmitz, Henry Schmitz, and Marie Schmitz Hargarten, in the

respective sums stated in clause 2 of the will; (3) that the testator intended that said bequest should be paid solely from the residuary legacies of the above-named children and that he did not intend to create any personal obligation against the children or any of them above and beyond such sum or sums as they might receive from their residuary legacies; (4) that under the terms of said clause 2 the residuary legacy of William Schmitz is subject to the charge of $3,000, and the residuary legacies of John Schmitz, Tony Schmitz, Joseph Schmitz, Henry Schmitz, and Marie Schmitz Hargarten are subject to a charge of $400 each; (5) that the testator intended to cancel and forgive the note of his daughter, Anna Schmitz Langenfeld, held by the decedent at the time of his death; (6) that from the evidence presented the court found that whenever a son was married the testator sold real estate to him at the price of $100 per acre and at the same time credited the son with a gift of $6,000 to apply thereon; (7) that all of testator's sons were married at the time of the execution of decedent's will and had received a credit against the real estate conveyed to them of $6,000, except William Schmitz; (8) that it was the intention of the testator to provide for his son William Schmitz in his will in the same manner as he had provided for all of the other sons prior to the execution of the will; (9) that it was the intention of the testator to make a special devise of the real estate referred to in clause 3 of the will to William Schmitz and Marie Schmitz Hargarten, share and share alike; (10) that from the evidence before the court it is found that the testator intended to charge the specific devise of the real estate referred to in clause 3 of the will with the sum of $100 per acre, less a credit to William Schmitz's proportionate share of the charge in the sum of $6,000, and that under the terms of the will William Schmitz and Marie Schmitz Hargarten take the real estate charged with the net sum of $10,000, and that it was the intention of the testator that such sum should be paid by William Schmitz and Marie Schmitz Hargarten into the hands of the executor; (11) that the testator intended to bequeath all the residue of his estate to all of his children named in the will, share and share alike.

It is the contention of the appellant that the decision and decree of the trial court was wrong in holding: (1) That the be-

quest under clause 2 of the will was not chargeable against the specific devise to William Schmitz and Marie Hargarten; and in holding that the bequest to appellant was payable solely out of the residue; and in further holding that the devisees who accepted benefits under the will were not personally obligated to pay the bequest of appellant; (2) that the court was wrong in allowing a credit of $6,000 on the amount due from William Schmitz by reason of clause 3, because the will is clear, unambiguous, and makes no provision for the reduction of the charge on the land devised, and for the further reason that the evidence upon which this construction is founded was illegally considered, and the evidence does not sustain the conclusion of the court, in any event.

It will be observed that there has been no appeal on the part of any of the interested parties from the holding of the court that clause 2 of the will created a bequest in favor of the appellant. However, as previously stated, the appellant contends that the trial court was in error in holding that, under clause 2 of the will, the specific devise to William Schmitz and Marie Hargarten, was not chargeable with the bequest made to appellant and that the same was payable only out of the residue of the estate. The further contention of the appellant, it will be noted, is that the court was wrong in allowing a credit of $6,000 on the amount due from William Schmitz under the provisions of clause 3 of the will, because it is claimed the will is clear and unambiguous, and it makes no provision for the reduction of the charge on the land devised.

In giving consideration to questions such as are before us it is well to have certain guides. These may be found in the case of Boehm v. Rohlfs, 224 Iowa 226, 232, 276 N. W. 105, 109, where this court made the following statement:

"In construing a will, the first consideration is to ascertain, if possible, the intention of the testator, and to give effect to such intention if lawful and not against public policy. This must be ascertained from the provisions of the will itself where the language is plain and unambiguous. Guilford v. Gardner, 180 Iowa 1210, 162 N. W. 261; Chapman v. Newell, 146 Iowa 415, 125 N. W. 324; Gilmore v. Jenkins, 129 Iowa 686, 106 N. W. 193, 6 Ann. Cas. 1008; Blackett v. Ziegler, 153 Iowa 344, 133

N. W. 901, 37 L. R. A. (N.S.) 291, Ann. Cas. 1913E, 115. Testator's intent, clearly and definitely ascertained, must govern in the absence of legal impediments. In re Etzel's Estate, 211 Iowa 700, 234 N. W. 210. Ordinarily, the testator's intent must be determined by the language of the will. Fulton v. Fulton, 179 Iowa 948, 162 N. W. 253, L. R. A. 1918E, 1080. The plain effect of the language as used in a will is not to be varied by external proof of what effect was really intended. But where the language is more or less obscure, or the meaning is hidden and there exists what is known in the law as a latent ambiguity, parol evidence may be resorted to for the purpose of making intelligible in the will that which cannot without its aid be understood or resolving a doubtful interpretation. Moran v. Moran, 104 Iowa 216, 73 N. W. 617, 39 L. R. A. 204, 65 Am. St. Rep. 443. We have many times said that a will must be read in all its parts and in the light of the admitted circumstances under which it was made, in order to determine its meaning. Warden v. Overman, 155 Iowa 1, 135 N. W. 649. The court should, as far as possible, put himself in the position of the testator, and take into consideration the circumstances surrounding him when the will was executed. Ironside v. Ironside, 150 Iowa 628, 130 N. W. 414.''

With the statements hereinbefore made as our guide, we shall give consideration to the questions before us.

I. Should the bequest as noted in clause 2 be held to be a charge against the particular devise mentioned in clause 3 of the will?

In the case of Manchester v. Loomis, 197 Iowa 1049, 1072, 195 N. W. 958, 198 N. W. 102, this court said:

''It is a familiar and well established rule that a specific devise of real estate takes precedence over a bequest of money, if the estate is insufficient in amount to carry out in full the terms and provisions of the will.''

In 69 C. J. 1168, section 2486, we find the following statements that are applicable to the present inquiry:

''Real Estate; Intention of Testator—(a) In General. The testator may, of course, charge the payment of legacies on the real estate, in case the personal property is insufficient for their

payment, or he may make the real estate on which the legacy is charged the primary or sole fund for its payment, as where legacies are charged on land and the personal estate is bequeathed or disposed of. *The matter of such a charge, however, is always a question of the testator's intention, as manifested by the will, and, inasmuch as the personal estate is usually regarded as the primary fund for the payment of legacies, as a general rule the real estate is not charged with the payment of legacies, unless an intention, on the part of the testator, to create such a charge, is either expressly declared or can be fairly and satisfactorily inferred from the terms or provisions of the will, as construed in accordance with the general rules of construction, in connection with, in case of ambiguity, the surrounding circumstances.* [Italics supplied.] It is not necessary that the legacy be formally made a charge eo nomine on the real estate, *but, if created by implication, the intention so to charge must clearly appear or be clearly and satisfactorily deducible from the language and dispositions of the will;* [italics supplied] or, as otherwise expressed, the intention so to charge is sufficient if it appears by fair or necessary implication, or by any words that reasonably indicate such an intention. Such an intention will not be inferred from the mere fact of giving the legacies.''

Also in 69 C. J. 1184, section 2506, the following statement is made:

''Direction To Pay Legacies. A simple direction in the introductory part of a will for the payment of legacies is insufficient to charge them on real estate specifically devised, unless such a direction is accompanied by something in the context from which it may be inferred that the legacies are to be paid first or that the devise is to be enjoyed after payment of the legacies.''

Applying the foregoing authorities to the will before us, we cannot find that it was the testator's intention to make the bequest to the appellant Society a charge upon the specifically devised real estate. Consequently we hold, as did the trial court, that the bequest to the appellant Society was payable only out of the residuary portion of the estate.

II. It is our judgment and holding that the trial court was in error in allowing the $6,000 credit in ascertaining the

amount due from William Schmitz in connection with the devise to Marie Hargarten and him. As stated in Boehm v. Rohlfs, supra, it is only "where the language is more or less obscure, or the meaning is hidden and there exists what is known in the law as a latent ambiguity, [that] parol evidence may be resorted to for the purpose of making intelligible in the will that which cannot without its aid be understood or resolving a doubtful interpretation." It was only from the parol evidence introduced in the hearing before the court that it was shown that the other children had received $6,000 from their father and that it was the custom of the father to make such a gift to each of his children. It was further shown by parol evidence that William Schmitz had not received such a gift. There is nothing in the will to indicate that William Schmitz, one of the children, had not received his share. We hold that the particular portion of the will, on which this $6,000 deduction was grafted by the trial court, is not ambiguous and unintelligible and does not justify or necessitate the introduction of parol evidence to ascertain its meaning. For that reason, we have concluded that the trial court was in error in that portion of its construction which allowed this credit.

In all other respects we hold that the conclusions reached by the trial court were correct. However, by reason of the comments heretofore made, this cause must be remanded for the entry of an order in conformity with our pronouncements here made. We have given consideration to appellee's motion to dismiss but have concluded that the same should be overruled. For the reasons heretofore set forth we affirm in part, reverse in part and remand.—Affirmed in part; reversed in part and remanded.

BLISS, C. J., and STIGER, MITCHELL, MILLER, OLIVER, and HALE, JJ., concur.