IN RE ESTATE OF M. W. RITTER.

No. 47243.

(Reported in 32 N. W. 2d 666)

JUNE 15, 1948.

Boardman, Cartwright & Druker, of Marshalltown, for appellants.

Lundy, Butler & Lundy, of Eldora, and R. A. Rockhill, of Marshalltown, for appellees.

HALE, J.—The appellants, nephews and nieces, and the children of a deceased niece named in item four of the will, will hereafter be described as plaintiffs. The appellees, administrator with will annexed and the devisees of the remainder under item two, appear separately and will be named as defendants.

In order to present the question at issue we set out, as far as is necessary, all of the will of the decedent, M. W. Ritter, which was admitted to probate February 8, 1944. After the formal declaration the will is as follows:

"FIRST: I direct that all my just debts, including the expenses of my last illness and burial and the administration of my estate, be first paid.

"SECOND: Subject to the payment of my debts as above set forth, and in the event she survives me, I give, devise and bequeath to Minnie McCreary, my residence property in Marshalltown, Iowa, more particularly described as the south half of lot one in block fourteen in Gillespie's Addition to Marshall, Marshall County, Iowa; also the west half of the northwest quarter and the southeast quarter of the northwest quarter of section sixteen, township eighty-five north, range eighteen west of the 5th P.M., Marshall County, Iowa; also my household furniture in my residence in Marshalltown, Iowa, and my automobile; she to have and to hold the same during the period of her natural life, the intent being to give her a life estate in said property in the event she survives me, and she must keep the property in repair, pay all taxes thereon and keep the buildings and all personal property insured for the benefit of herself and the remaindermen, as long as she shall live; and at the death of said Minnie McCreary, said property, both real and personal, shall be sold by my executor hereinafter named, or his successors in office, and the proceeds, after paying the necessary expenses, shall be divided into seven equal parts, and I now give, devise and bequeath said parts as follows:

"To the First Baptist Church of Marshalltown, Iowa, one part;

"To the First Congregational Church of Marshalltown, Iowa, one part;

"To the Central Church of Christ of Marshalltown, Iowa, one part;

"To the Friends Church of Marshalltown, Iowa, one part;

"To the First Methodist Episcopal Church of Marshalltown, Iowa, one part;

"To the First Presbyterian Church of Marshalltown, Iowa, one part; and

"To Father Flanagan's Boys Home of Boys Town, Nebraska, one part.

"In the event any of the churches above designated or Father Flanagan's Boys Home is not incorporated, the part given to such institution shall go to the trustees having the management of such institution for the benefit of the institution, my intent being that the bequest shall not fail in the event I have not adequately designated the institution or have not named it by its exact name.

"THIRD: I give and bequeath my black cane to Dan Chadwick.

"FOURTH: All the remainder of the property of which I shall die seized or to which I may be entitled, either in law or in equity, whether real or personal, whether now owned or hereafter acquired, whether in possession or expectancy and wherever situated, I direct be converted into money, and after paying the necessary expenses said money shall be divided into ten equal parts, and I now give and bequeath said parts as follows:

"To my nephew Walter R. Mixer, one part;

"To my nephew Horace R. Skinner, one part;

"To my nephew Harry Ritter, one part;

"To my niece Martha Ritter (who is now married but I do not know her married name) one part;

"To my niece Ruth Ritter Brandly, one part;

"To my niece Mary Mixer Anderson, one part;

"To my niece Katherine Skinner Parkhust, now of Hood River, Oregon, one part;

"To my niece Mary Ritter Brady, one part;

"To my niece Margaret Richardson (who is now married but I do not know her married name) one part. She can be reached through her Aunt in Santa Monica, California; and

"The remaining part shall be divided share and share alike among the four children of my niece Edna Ritter Paulin who is now deceased. These children are Harry, Faye, Herbert and Catherine.

"FIFTH:. In addition to the provisions of this will in favor of Minnie McCreary, I direct that she be permitted to be buried in my lot No. 290 in Riverside Cemetery in Marshalltown, Iowa, and that a marker be erected at her grave, the cost thereof to be paid from my estate.

"SIXTH: [A provision that anyone contesting the will shall receive nothing.]

"SEVENTH: In the event Minnie McCreary shall die prior to my death, the provisions of this will in her favor shall be void and the distribution which I have provided to take place at her death shall take place as soon as can conveniently be done after my death.

"EIGHTH: I hereby nominate my friend, Mort Evans, now connected with the bank in Conrad, Iowa, as executor of this will, and for the purpose of carrying out the terms of the will, I direct that my said executor shall, subject to the approval of the Court, sell and convey such items of real and personal property as may be necessary, but he shall not sell during the lifetime of Minnie McCreary, the property in which I have given her a life estate.

"IN WITNESS WHEREOF, I have hereunto set my hand at Marshalltown, Iowa, this 16th day of October, A. D. 1941."

(Duly signed.)

The objections to the report were based on item two of the will. Plaintiffs alleged that the words "subject to the payment of my debts as above set forth," referring to item one, showed the intent of the testator to be that the payment of all such debts and expenses should be made out of the proceeds of the property devised and bequeathed in item two. Defendants, the beneficiaries named in said item two, contend that the whole intent of the testator as shown by the will is that such debts and expenses shall be paid from the residue of the estate. The only question therefore before the court is, taking the will as a whole, Does the phrase "subject to the payment of my debts

as above set forth" charge the specific devise following such phrase, or the residuary estate described in item four with the payment of such debts?

The life estate devised to Minnie McCreary was appraised for inheritance purposes at $9,261.41. The personal property was appraised at $28,279.78. The personal estate was of such value that it would more than pay all the expenses and cost of administration, claims, and any and all demands. The total amount of debts and charges including claims, expenses, taxes, etc., was about $7,700, while the value of the life estate, as heretofore stated, was $9,261.41. There is no serious dispute as to the amount of these figures, but they were objected to by the plaintiffs as having no bearing upon the issues and not contributing in any way to the defense made and filed in the cause, and that such evidence in no way controverted the issues raised by the plaintiffs.

I. The plaintiffs contend that the trial court erred in holding that the claims, expenses, and costs of administration were chargeable to and payable out of the residue for the reason that the specific devises and bequests in item two were expressly made "subject to" the payment of such claims and expenses and properly chargeable only to said second item, or to the beneficiaries thereof, and not to the beneficiaries of the residue devised and bequeathed by the fourth item of the will; and the holding of the court to the contrary was therefore an erroneous construction of the terms and provisions of said will. They contend that a devise or bequest "subject to" payment of debts and expenses creates a charge against such devise or bequest for the payment of such debts and expenses. They allege that the same result follows even though the devise or bequest so charged may be of property which would otherwise be exempt by statute from payment of debts; and in such case it is held that the exemption is waived. We will consider the authorities cited.

In re Estate of Caldwell, 204 Iowa 606, 608, 215 N. W. 615, 616, is cited by plaintiffs. The holding of this court in that case was that the proceeds of life insurance specified in Item VII of the will was subject to the payment of debts and, as the court said: "This presents the only question before us for deci-

sion", and upheld the right of insured to dispose of life insurance and to set the same aside for the payment of debts. The case does not resemble the case at bar in that there could be no construction in that case other than that the estate to be distributed was only the remainder after the debts were paid, which is what it would be, in any event, whether this clause was in the will or not.

In re Estate of Schultz, 192 Iowa 436, 185 N. W. 24, cited by plaintiffs, does not apply to the question in issue here but relates to the notice of the sale of real estate and payment of debts.

Luckenbill v. Bates, 220 Iowa 871, 263 N. W. 811, 103 A. L. R. 252, does not support the plaintiffs' contention. The court in that case held that the usual and formal paragraph in the preliminary part of all wills directing the payment of "all my just debts" is insufficient to evince an intention that they shall be enforced against a homestead; that such intent must be evidenced by testamentary language which is unequivocal and imperative. At page 875 of 220 Iowa, page 813 of 263 N. W., it is said:

"It seems to be the general rule that mere phrases of this character in a will are not sufficient to give the debts priority. [Citing authorities.] To make the devise subject to the payment of the testator's debts, the language must be unequivocal and imperative."

The court further said:

"The point of distinction here made is between a general provision, as is usual in the writing of wills, providing in the first paragraph for the payment of expenses of last sickness, funeral expenses, and all just debts, and a case in which the bequests and devises are specifically made subject to the payment of the above items."

It will thus be seen that the cited case does not bear out the contention of plaintiffs. Neither do the cases of De Cook v. Johnson, 226 Iowa 246, 284 N. W. 118, Long v. Northup, 225 Iowa 132, 279 N. W. 104, 116 A. L. R. 1475, nor Shoberg v. Rock, 230 Iowa 807, 298 N. W. 838, support their claim.

In the Shoberg case the second clause, after the payment of expenses, devised certain real estate, and the third clause provided that certain livestock be sold and the proceeds divided between a brother and sisters. The court found that to give effect to the third paragraph it was necessary that the will be so construed as to charge the debts to the devisee of real estate. The court said:

"The amount of the debts is more than the value of the livestock bequeathed by paragraph three. If the proceeds of the sale are primarily charged with the payment of debts the beneficiaries under paragraph three will receive nothing under the will. We do not believe the testator so intended." 230 Iowa, at page 812, 298 N. W., page 840.

It was apparently for this reason that the charge of the debts to the real estate was made.

We do not agree with the contention of the plaintiffs that the words "subject to" are words of qualification of the estate granted and have the effect of imposing a condition or limitation upon the devise or grant. The question is, Do these words, unequivocally and imperatively, point out that the provisions of item two of the will are dependent upon and qualified by the provision as to payment of debts and expenses? Plaintiffs cite 69 C. J., Wills, 1183, section 2504. The language of the text is:

"Thus, *in the absence of anything indicating a contrary intention,* land specifically devised will be charged with the payment of legacies where the will expressly directs the devisee to pay the legacies; or where the land is specifically devised 'subject to,' 'charged with,' or 'on condition that' the devisee pay the legacies; or where the land is so devised 'after' the payment of legacies; or where the testator leaves no estate out of which legacies may be paid except land devised." (Italics supplied.)

An Iowa case cited as authority for this statement is Henry v. Griffis, 89 Iowa 543, 544, 56 N. W. 670, but in that case there was a specific requirement that if personal property was insufficient to pay the amount of a legacy to a daughter, the boys " 'is to pay enough to make the amount.' " Under this provision in

the text reference is made to 69 C. J., Wills, section 2506, in which it is said:

"A simple direction in the introductory part of a will for the payment of legacies is insufficient to charge them on real estate specifically devised, unless such a direction is accompanied by something in the context from which it may be inferred that the legacies are to be paid first or that the devise is to be enjoyed after payment of the legacies."

The same rule should apply to debts and claims.

■ II. We have examined various provisions of texts and cases cited by plaintiffs in support of their theory that the words "subject to" are words of qualification of the estate granted and have the effect of imposing a condition or limitation upon the devise or grant, as the case may be. Cases which involve the construction of a will which is clear and explicit as to intentions, or where there is nothing in the language of the will taken as a whole to indicate a contrary intention, or where the whole of the estate is so devised and bequeathed, subject to payment of debts, which is only what the law requires, are of very little value in determining the question involved and do not support plaintiffs' contention. The rule gathered from these cases, as in all cases, is that it is the intent of the testator which is sought. If, from reading the will as a whole, the intent is manifest, technical rules of construction must give way to the indicated intent.

■ III. The general rule is that in the absence of a statute or provision of a will directing otherwise, decedent's property should be applied to the payment of his debts in the following order: First, the unexempted personalty except specific bequests; second, the realty specifically devised for that purpose; third, the real estate descended; and fourth, the real estate specifically devised. Wilts v. Wilts, 151 Iowa 149, 130 N. W. 906, and authorities cited.

■ In the examination of the authorities before us we should bear in mind in construing any will that if a testamentary provision is open to two constructions, one of which would render it inoperative and another which would render it valid, the latter is to be taken and the former rejected. In re

Estate of Austin, 236 Iowa 945, 948, 949, 20 N. W. 2d 445, 447, 162 A. L. R. 709. This case also says:

"Of course, the primary concern of courts is to determine the intent of the testator and give it effect unless contrary to some rule of law or public policy. And the purpose of all rules of construction is merely to aid in the determination of such intent." Citing authorities.

See, also, Layton v. Tucker, 237 Iowa 623, 23 N. W. 2d 297, and authorities cited.

IV. The difficulty with the argument of plaintiffs under the authorities cited is that while the words "subject to" standing alone and unqualified or unaffected by other provisions of the will might have the effect of creating a charge upon the property devised or bequeathed, yet, if read in conjunction with and affected by the remainder of the will, they would have no such effect. For this reason there have been many decisions requiring that in the interpretation of an instrument of this kind the instrument must be taken by its four corners and each paragraph read in the light of the other provisions. We shall apply this rule to the provisions of the will in controversy.

V. Defendants argue that where a charge is made upon the real estate different from the regular order to which the property of the decedent would ordinarily be subjected, the intent of the testator must be clear and unambiguous. As to this proposition there can be no dispute.

VI. Defendants also argue that where there is a general provision in the will providing for the payment of testator's debts, and the testator precedes the devise of a life estate in certain property with the qualifying phrase "subject to the payment of my debts as above set forth," such qualifying phrase manifests an intent in such testator that such debts be paid and amounts to no more than that which the statutes of this state already provide, and, like the general provision for the payment of such debts, it evinces an intent that only unless the residuary personalty become insufficient to pay such debts, should the devise of the life estate so qualified be used in payment thereof. They further argue that the qualifying phrase cannot be isolated

to determine the testator's intent, but it should be taken in conjunction with the later provisions of the will disposing of the corpus of the estate to determine the testator's intent as to the payment of his debts. They cite Long v. Northup, supra; In re Estate of Schwertley, 228 Iowa 1209, 293 N. W. 445; Luckenbill v. Bates, supra; DeKoster v. Roggen, 229 Iowa 938, 295 N. W. 440; and In re Estate of Schmitz, 231 Iowa 1178, 3 N. W. 2d 512; In re Estate of Caldwell, supra.

VII. Defendants contend, and we think correctly, that the words "subject to" as here used are not words of qualification of the estate granted and do not suspend the vesting of such specific bequest until the alleged condition is complied with, especially since a subsequent provision of the will shows clearly that they were not so intended by the testator; that in any event this is true when the only provision the testator makes as to an alternative distribution of the specific devise is in the event of the death of the devisee thereof, and no provision is made for distribution in the event that such devisee did not pay the debts of the testator. See In re Estate of McAllister, 191 Iowa 906, 183 N. W. 596; De Cook v. Johnson, supra; Johnston v. Boothe, 234 Iowa 201, 12 N. W. 2d 176.

VIII. The rule as to the use of the phrases "subject to," "charged with," etc., can only apply where there is an absence of anything indicating a contrary intent. We will examine the will here in question as to whether this conforms to such a requirement. After the general provision in item one, the second item recites the payment of "my debts as above set forth," and a specific devise is given to Minnie McCreary with remainder over. But item eight, referring to the appointment of an executor and his duties, directs that the executor, with the approval of the court, sell and convey certain necessary items of real and personal property, but expressly directs that he shall not sell during the lifetime of Minnie McCreary the property in which he had given her a life estate. What would be the effect of this provision as to sale if the debts are to be paid from the property devised and bequeathed in item two? It would mean that while payment of the debts and expenses would be limited to the property described in item two, still this property could

not be released for sale during the lifetime of Minnie McCreary, contrary to the requirement that the debts and expenses be first paid as provided in item one and as required by law. Or, if the property devised in item two should be sold and the debts and expenses paid, then item eight would be of no effect and the provisions of such item rendered void. So that to carry out the provisions of the will according to plaintiffs' contention, one or the other of the provisions is impossible of fulfillment. The two clauses would be contradictory if Minnie McCreary survive. In such event the will could only be construed in one way in order to give effect to both items two and eight.

IX. We are satisfied also that we should take into consideration the effect which the plaintiffs' construction would give to the specific devise and bequest in item two. Aside from the inconsistency between the two items mentioned, it is undisputed that there was ample personal property to take care of all the indebtedness and expenses. The value of the life estate was $9,261.41. The indebtedness, also undisputed, was nearly $7,700. It is fair to assume that at the time of the execution of the will the testator must have realized that the expenses of settling an estate of that size would be a considerable amount, as in fact it was. The will shows that the woman who had been practically a member of the family for a number of years was to be provided for. That intent of the testator is manifest. At the time of the execution of the will, having the expenses in mind, can we reasonably consider that the testator would provide this liberal allowance and in the same instrument take it away from her? And it could not be expected that the remainder interest after the life estate, which the testator charitably devised to the institutions named, should be reduced in amount by a provision which required an extensive diminution of its value.

It is true, we cannot make a new will or substitute one provision for another, but we have the right, in determining the intent, to consider what the testator must have known, or what would be the effect of a provision such as is contemplated by the argument of the plaintiffs. In re Estate of Lepley, 235 Iowa 664, 671, 17 N. W. 2d 526, 529. We cannot assume that the interpretation of the provisions of item two required such destruction of the plain intent of these provisions. As in the case

of Shoberg v. Rock, supra, where, in holding contrary to the contention that the proceeds of a sale of personal property were charged with the payment of debts, this court said that under such provision the beneficiary under Paragraph III would receive nothing under the will. In other words, that provision interpreted as requested was destructive of its value and therefore would not be considered to be the intent of the testator. So in this case.

 To hold that the debts should all be chargeable to the property described in item two would be destructive of the intent manifested by the will as a whole. The conclusion is plain that the only interpretation which would give effect to all parts of the will and is plainly the intent of the testator is that the debts and expenses must be charged to the residuary estate. The ruling of the district court should be and it is affirmed.— Affirmed.

All JUSTICES concur.