IN RE ESTATE OF CHARLES McALLISTER.

FANNIE S. McALLISTER, Appellant, v. SUE A. McALLISTER et al., Appellees.

**APPEAL AND ERROR:** Appealability of Order Construing Will. An 1 order of the probate court, construing a will for the purpose of determining what portion of a solvent estate was liable for debts, is

not a *final* adjudication, and is not, therefore, appealable, even though it was entered on a stipulation waiving the bringing of an independent action in equity for the purpose of construing such will.

WILLS:  Construction—Action in Equity.  Principle reaffirmed that a
2  court of equity has jurisdiction to entertain an action for the sole purpose of construing a will.

WILLS:  Construction—Liability of Residuary Estate for Debts.  De-
3  vise of a solvent testator to a wife construed, and held to cast the entire burden of debts upon the residuary legatees.

WILLS:  Interest on Legacies.  The court may not grant interest on a
4  legacy for the purpose of attaining equity, when such interest is not allowable as a matter of law.

WILLS:  Ineffective Codicil As Indicating Intention.  A codicil which
5  is ineffective because of insufficient execution may, nevertheless, point the way to testator's intention.

WILLS:  Avails of Life Insurance.  The avails of a policy of insurance
6  on the life of a childless testator, not specifically disposed of by the will, will pass to the wife when such is the manifest intent of the will and no agreement or assignment to the contrary is made to appear.

*Appeal from Clay District Court.*—JAMES DELAND, Judge.

JUNE 25, 1921.

FANNIE S. MCALLISTER appeals from numerous orders of the probate court, including the approval of the executor's final report and order for distribution. Sue A. McAllister, appellee, filed a cross-appeal from an order of the court affecting the distribution of life insurance. The material facts are recited in the opinion.—*Reversed on appellant's appeal; affirmed on cross-appeal.*

*Stipp, Perry, Bannister & Starzinger,* for appellant.

*Buck & Kirkpatrick, E. A. Morling, J. P. Goble, Frank O. Campe, Heald & Cook,* and *J. W. Cory & Son,* for appellees.

STEVENS, J.—Charles McAllister, a resident of Spencer, Clay County, Iowa, died testate, July 20, 1913, without living

issue, survived by his wife, Fannie S. McAllister, appellant herein. The will, which is typewritten, was prepared by himself, and signed February 1, 1911, and, so far as material to the questions involved upon this appeal, is as follows:

"After provision for the payment of all my debts and obligations I give, devise and bequeath to my wife, Fannie S. McAllister the residence now occupied on Third Street in Spencer, Iowa; also my two hundred and seven shares of stock in The First National Bank of Spencer, Iowa.

"The balance of my properties whether real, personal or mixed I give, devise and bequeath to my wife, Fannie S. McAllister *and son, Alexander McAllister in equal portions, that is, one half of the residue of my estate to each.*"

The words italicized above were canceled by the testator by drawing parallel lines across the same with a pen, and the following, in his own handwriting, was written on the margin of the will:

"Canceled June 27th, 1912, because Alexander McAllister my son died May 13th, 1912, and his only surviving son May 26th."

The will was duly admitted to probate. The testator owned real estate in Iowa, Minnesota, North Dakota, and Massachusetts. The court found that the surviving widow of Alexander McAllister was entitled to one half of Alexander's interest under the will, and fixed the interest of each of the remaining residuary legatees, including appellant; but the determination of the respective interests of the residuary legatees is not involved upon this appeal. The shares of the respective parties in the Iowa real estate were determined in partition. *McAllister v. McAllister*, 183 Iowa 245. The real estate in North Dakota was awarded by the probate court of that state to Fannie S. McAllister. The Minnesota and Massachusetts courts held that the devise of the residuary estate lapsed, and therefore passed to the heirs of Charles McAllister.

R. C. Perine, C. E. Leach, and J. O. Thrush were named in the will as executors, and qualified and acted as such. The total value of the estate was found to be $156,301.92, with a total indebtedness of $87,188.62. On June 7, 1918, the executors filed their fourth report, and asked the advice of the court as

to certain matters.   Thereafter, and on June 15, 1918, Sue A.
McAllister, appellee, who, up to this time, had not been listed
as one of the heirs, or taken part in the proceedings in probate,
although she had appeared in the action in partition and asserted
claim to an interest in the real estate, the partition of which was
sought, filed an application for the construction of the will in
the following particulars:   That the court fix and determine
what properties and in what proportion and order the debts of
the estate should be paid; second, that it determine the owner-
ship and relative interests of the different persons concerned
therein; third, that suitable provision be made for securing to
all of the interested parties their full share and interest in said
estate; and fourth, that the request of the executors in their
fourth report for advice as to the distribution of the funds be
heard, and that the referee in partition be required to hold
the funds in his hands until a hearing and determination of this
application should be had.   On August 12, 1918, J. H. McAllister
also filed an application for the construction of the will.   No
notice was served upon any of the remaining legatees or parties
in interest of the filing or hearing upon these applications for
the construction of the will, but all of the parties appeared in
the probate court by their attorneys, and entered into a stipu-
lation waiving the bringing of an independent action in equity
for the construction of the will, and agreeing to submit the
application of Sue A. McAllister for that purpose to the court.
No other pleadings were filed by the parties in interest.   On
September 21, 1918, after full hearing upon these applications,
the court made its findings and order, and filed same in the
office of the clerk of the district court at Spencer on September
23d.   The court found that each bequest and devise contained
in the will was subject to the payment of the debts and obliga-
tions of the testator, including the bequests to Fannie S. McAl-
lister, and ordered that the indebtedness and all proper and legal
costs and expenses of administration be apportioned ratably
among the legatees and devisees, so that each would contribute
thereto in proportion to the value of the property received by
them.   On June 12, 1919, the executors filed an additional and
amended report, conforming the same to the finding and order of
the court of September 21, 1918.   On January 11 and 13, 1919,

Sue A. and J. H. McAllister, respectively, filed separate objections to the reports and accounts of the executors, and on different dates thereafter, certain amended and supplemental objections thereto; but the principal objection of Sue A. McAllister is to the payment of the debts of the estate and the expense of administration out of the residuary estate alone, and to the distribution already made of the life insurance. Answers to these several objections made by Sue A. and J. H. McAllister were filed by the executors. On June 17, 1919, Fannie S. McAllister filed a motion to vacate the order of September 21st, and also filed objections to the amended and additional report of the executors, and to the subjecting of the residence and bank stock to the payment of any part of the debts or expenses of administration. On May 10th, the court made its finding and order that the bank stock and residence must bear its share, ratably, of the indebtedness, costs, and expense of said estate; that Fannie S. McAllister be permitted to retain the life insurance previously paid to her by the executors; and that same should not be taken into consideration in determining the pro rata amount of costs and expenses to be charged against her. It also made other findings and orders, reference to which is not necessary at this time.

On June 3, 1919, a supplemental order was filed, directing and authorizing the executors to pay Sue A. McAllister $2,400 in part payment of her share of said estate; and, on July 10th, a final order was filed, overruling the objections of Sue A. McAllister to the additional and amended report of the executors, filed on June 12, 1919, except that the court ordered that interest on the $2,400 paid to her by the executor on June 17, 1919, at 6 per cent, from November 7, 1915, to the latter date, be allowed and paid to her, and charged pro rata against the respective shares and interests of each of the heirs and legatees in the whole estate; otherwise, the prior orders of the court were confirmed, and the motion of Fannie S. McAllister to vacate the order of September 21, 1918, and her objections to the amended and additional report of the executors, were overruled. Fannie S. McAllister appeals from the orders of September 21, 1918, May 10, May 13, June 17, and July 10, 1919, respectively, and all other findings and orders of the court; and Sue A. McAl-

lister appeals from the finding and order of the court sustaining the claim of Fannie S. McAllister to the life insurance and approving the payment thereof to her by the executors.

I.   Appellees at the outset contend that the finding, adjudication, and order of the court on September 21st, construing the will in controversy, must be given effect, the same as a decree in equity, and that no appeal would lie therefrom after six months.   To this contention, counsel for appellant reply that the order was purely interlocutory, in no wise affecting the interests or rights of the parties, and that no appeal would lie therefrom.   Actions in equity in this state for the construction of wills are common; and, in *Covert v. Sebern,* 73 Iowa 564, we held that courts of equity have jurisdiction of cases brought for the sole purpose of construing or interpreting wills, but that such jurisdiction is not exclusive. The doctrine of this case was restated in *In re Receivership of Magner,* 173 Iowa 299.   In both of these cases, it was held that the court, sitting in probate, has jurisdiction to construe and interpret wills.   Indeed, it is the almost unanimous holding in all other jurisdictions of this country that a court of equity will not entertain a suit for the sole purpose of construing a will. See the extensive notes to *Frank v. Frank,* 129 Am. St. 73, and *Hart v. Darter,* (Va.) 15 L. R. A. (N. S.) 599, where large numbers of cases are cited.   The construction sought by appellees was to determine whether any portion of the expenses of administration and of the indebtedness against the estate should be charged against the specific bequests to appellant, and to determine against whose interests and against what property the same should be charged.

1. APPEAL AND ERROR: appealability of order construing will.

2. WILLS: construction: action in equity.

It has been too frequently held by this court to require further discussion or the citation of authorities that, in the construction of wills, the intention of the testator . is controlling, and that it is the duty of probate courts to administer the estate and make distribution of the assets in a manner to give effect to and to carry out such intention.   The administration of every estate involves, more or less, the necessity of the court's passing upon numerous applications, and the making of divers and various orders.   The jurisdiction of the court to administer the

estate continues until the final report has been filed and approved, and the executors discharged. The question here is whether the finding and order of the court in the proceeding for the interpretation and construction of the will, upon a stipulation of all of the parties in interest, waiving an independent action in equity therefor and agreeing to submit the question to the court, sitting in probate, shall be given the effect of a final adjudication or of a decree in equity, or whether such finding and order is subject to future review, modification, or vacation by the court. In our opinion, such an order is not necessarily final, but is subject to review, and may be vacated, if necessary to carry out the intention of the testator, and an appeal need not be taken therefrom within six months after such finding and order.

None of the decisions of this court cited by counsel are decisive of this question. *Hendron v. Kinner,* 110 Iowa 544, involved an appeal from an order of the court allowing a claim against decedent's estate. The court held that such an order is in the nature of an adjudication, and could not be set aside and a new trial had, as a matter of right, but only upon a showing of good grounds therefor. The plaintiff in *Tucker v. Stewart,* 121 Iowa 714, sought, in an independent action in equity, to have the approval of the final report, or the report of an administrator with will annexed, set aside upon the ground of fraud. We held that, while an action to set aside the final report of an administrator on the ground of fraud may be brought in the district court, the approval by the probate court of a final report and the discharge of an administrator, in the absence of fraud, is a final and binding adjudication. None of the other cases cited by counsel for appellee (namely, *Bradley v. Cole,* 67 Iowa 650, *Baugh v. Barrett,* 69 Iowa 495, *Covert v. Sebern,* supra, and *Leacox v. Griffith,* 76 Iowa 89,) are closely enough in point to require particular notice. *Baird v. Omaha & C. B. R. & B. Co.,* 111 Iowa 627, cited by appellant, throws a little light on the question, but it is neither decisive nor controlling. Code Section 3338 provides for notice and a hearing upon claims of creditors filed against estates. An order of the court allowing or rejecting a claim under this statute is essentially an adjudication of the claim, and possesses all the elements of finality.

It involves the action of the court upon a single item, and has nothing to do with the construction or the carrying out of the terms of a will, or the giving effect to the ascertained intention of the testator. An order approving a final report and an order discharging an administrator or executor are of a like nature; whereas a finding and determination of an application for the construction of a will to determine the liability of a part or the whole of the estate for the payment of the debts of the decedent, together with the form or order of payment thereof, is more in the nature of an administrative act than a final determination or adjudication. To hold that the court, sitting in probate, cannot, in the further progress of administering the estate, review its prior findings and orders interpretative of the will, might have the effect to deny, as we find it would in this case, the right of the court, at later stages of the administration of the estate, to give effect to the intention of the testator, or to carry out strictly the terms of the will. Such order lacks the essential elements of a final adjudication. Nothing was done by the executors under the finding and order of the court of September 21st, except to file an amended and additional report, including a full statement of their account, showing an adjustment and the amounts required to be repaid by the different legatees and the distribution to be made of the final assets of the estate.

Appellant's appeal was taken within six months after the final order of the court, approving the final report of the executors. It is our conclusion that the court had authority at any time before the executors had distributed the assets of the estate, under the order of the court approving their final report, to review any prior order interpreting or construing the will, and to make such further orders as might be necessary to give full force and effect to the intention of the testator and to carry out the strict terms of his will; and that, therefore, the order of September 21st was in its nature administrative and interlocutory, and not final; and that appellant's appeal brings up the whole matter for review. So far as the attempt of the parties, by their stipulation, to waive the commencement of an independent action in equity for the construction of the will is concerned, no ultimate prejudice could result therefrom. The jurisdiction of a court of equity to construe or interpret a will, as-

suming that it would take jurisdiction of an action solely for the purpose of adjudicating what assets of the estate are liable for the payment of debts and the costs of administration and what assets are exempt therefrom, is not greater than the jurisdiction of the same court, sitting as a court of probate. The final determination and order of the court in probate, approving the reports and ordering the discharge of the executor or administrator, is as conclusive and binding upon the parties as the decree of a court of equity. The right of appeal is the same in both cases. We hold that the appeal is not too late, and that it brings the whole record up for review.

II. We come now to the construction of the will in the particulars referred to in the application of Sue A. and John H. McAllister, filed June 15th and August 12, 1918, respectively, and review the subsequent findings and orders of the court in conformity therewith. It will be noted that the first paragraph of the will consists of a single sentence, and contains the only reference in the instrument to the payment of debts, and the only specific provision for the benefit of Fannie S. McAllister. The residence property, which seems to have constituted the homestead of testator and appellant, and 207 shares of stock of the First National Bank of Spencer, Iowa, are given to her, after provision has been made for the payment of testator's debts. The intention of the testator to make provision for the payment of his debts out of the residuary estate, if sufficient, would seem to be clearly implied. Certainly, the testator did not intend that the debts should be paid out of the proceeds of the sale of the residence or the bank stock, and we discover nothing in the language of the instrument indicating an intention upon his part to charge the specific bequests to his wife and the residuary bequests ratably therewith. It is true that scriveners commonly provide in a separate paragraph of the will for the payment of debts; but the testator wrote his own will, and evidently the separation of the provision for the payment of debts and the specific bequests to his wife into separate paragraphs did not occur to him; but this can make no difference in the construction of the will. It is our opinion that the testator clearly and unmistakably intended that no part of the proceeds of the sale of the residence

*3. WILLS: construction: liability of residuary estate for debts.*

or bank stock left to his wife was to be charged with the payment of debts or expenses of administration until after the residue of his estate was exhausted. But it is contended by counsel for appellee that, as all of the real estate of which testator died seized was owned by him at the time the will was executed, its devise was specific. This was the rule at common law, under which the will spoke as of the date of its execution. This rule is not in force in this state. In this state, the will speaks as of the date of the testator's death. *Wilts v. Wilts,* 151 Iowa 149; *Bales v. Murray,* 186 Iowa 649. See, also, *In re Estate of Sutton,* 11 Del. Ch. 460 (97 Atl. 624). In any event, as it was the intention of the testator that the debts should be paid out of the residuary estate, such intention must be carried out. The reports of the executors show that the residuary estate is ample for this purpose.

III. As already stated, in its final order, on July 10, 1919, the court directed the executors to pay Sue A. McAllister interest upon the $2,400 paid to her as a partial distribution, at 6 per cent from November 7, 1917, to June 17, 1919, the date when same was paid to her. Appellant objected to this order of the court. The court held that she was not, under the facts, entitled to interest as a matter of law, but same was allowed as a matter of equity, to place her upon an equality with the other legatees sharing in the residuary estate. So far as appears, the funds in the hands of the executors, if any, were not earning interest during the time designated, and we know of no statute or decision under which the court was authorized to equalize the bequests by allowing interest for that purpose. The court rightly held that, under the facts disclosed, none of the legatees were entitled to interest. Ordinarily, interest will not be allowed to legatees upon their shares. *Dorris v. Miller,* 105 Iowa 564. This order by the court cannot be sustained.

4. WILLS: interest on legacies.

IV. We come now to the cross-appeal of Sue A. McAllister, which involves only the question of the disposition of two policies of life insurance, amounting to $7,000. By a reference to the will, as altered by the testator after the death of his son and grandson, it will be observed that he clearly attempted to give all of his residuary

5. WILLS: ineffective codicil as indicating intention.

estate to his wife. Of course, the changes in the will which are in the handwriting of the testator could not operate as a codicil, because not witnessed or executed with the formalities required by law. It has been held, however, that same might be taken into consideration for the purpose of ascertaining the intention of the testator. *Matter of King,* 97 Misc. Rep. 528 (163 N. Y. Supp. 405). Manifestly, the testator did not intend to make a gift of his life insurance to any other than his wife. Section 1805, Code, 1897, provides that:

6. WILLS: avails of life insurance.

"A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors."

No agreement or assignment of either of the policies is shown. It is true that Code Section 3313 provides that the avails of any life or accident insurance, or other sum of money made payable by any mutual aid or benevolent society, shall be subject to the debts of the deceased, only by special contract or arrangement, and shall be disposed of like other property left by the deceased. As no specific disposition was made of the life insurance by agreement or assignment, it is our conclusion that same must be disposed of to the wife in accordance with the provisions of Section 1805, which was last enacted. It follows that the findings and orders of the court below charging the residence property and bank stock specifically devised to appellant with a pro rata portion of the debts of the estate and the expenses of administration, which contravene the intention of the testator, are reversed, and the cause remanded to the court below for such further proceedings and orders of the court as are necessary to close the administration of said estate in conformity with this opinion.—*Reversed on appellant's appeal; affirmed on cross-appeal.*

EVANS, C. J., ARTHUR and DE GRAFF, JJ., concur.