IN RE ESTATE OF JAMES DEWEY HILL.

OTTO FRATZKE, individually and as executor, appellant, v. ALLEN MEMORIAL HOSPITAL, INC., Waterloo, and MERCY HOSPITAL, Oelwein, appellees.

No. 51993.

(Reported in 140 N.W.2d 711)

MARCH 8, 1966.

REHEARING DENIED MAY 3, 1966.

Wayne Kemmerer, of Oelwein, and Beving & Swanson, of Des Moines, for appellant.

Barnes, Wadsworth, Elderkin, Locher & Piernie, of Cedar Rapids, for appellee Mercy Hospital.

Beecher, Buckmaster, Beecher & Lindeman, of Waterloo, for appellee Allen Memorial Hospital, Inc.

MOORE, J.—James Dewey Hill died October 18, 1963, leaving a will dated April 1, 1963, the pertinent parts of which provide:

"Article Two. I hold them in affection but nevertheless leave nothing to either of my sisters Hilda Fink and Carmen Hill.

"Article Three. In event I own real estate at the time of my death but not otherwise, all of my said real estate I hereby give and devise one-half thereof to Mercy Hospital, Oelwein, Iowa, exclusively for the use and benefit of Mercy Hospital in Oelwein, Iowa, and one-half thereof to Allen Memorial Hospital, Inc., exclusively for the use and benefit of its Allen Memorial Home at Waterloo, Iowa.

"Article Four. Otto Ferdinand Fratzke is my brother-in-law and good friend. In event said Otto Ferdinand Fratzke survives me but not otherwise, and further in event I die owning real estate but not otherwise, I leave no real estate to said Otto Ferdinand Fratzke but I hereby give and bequeath all of my personal property, rights, and claims to said Otto Ferdinand Fratzke."

Article 1 provides any person challenging the will shall receive nothing from the estate. Article 5 states in event Fratzke predecease testator the two hospitals are to take all his property in equal shares. Article 6 provides in event testator dies not owning real estate he bequeaths his property to Fratzke and each of the two hospitals in equal shares. Article 7 nominates Fratzke as executor to serve without bond.

The will makes no reference to debts or costs of administration or payment thereof. It contains no residuary clause.

On October 31, 1963, testator's sisters, Hilda Fink and Carmen Hill, filed separate objections to the will which had been offered for probate. Each alleged decedent lacked testamentary capacity, the will was procured by fraud and undue influence exercised by Fratzke and was not properly executed. Each requested a jury trial.

Objector, Hilda Fink, on October 31, 1963, also filed an application for appointment of a special administrator which was unsuccessfully resisted by Fratzke. The appointed special administrator, Percy E. Sorg, posted bond, employed counsel and took possession of all personal and real property owned by testator at time of his death.

The personal property consisted of numerous Series E United States Savings Bonds, a checking account, and other items including machinery, furniture, grain, livestock and equip-

ment. The inheritance tax appraisers appraised it at $43,047.15 and appraised the realty, consisting of 229 acres of farmland, at $49,725.

The special administrator, after obtaining authority from the court, sold some of the personal property and renewed existing farm leases.

On application of Fratzke the court appointed Miller, Pearson & Melaas, attorneys-at-law, of Decorah, to support the petition for probate of the will.

On March 26, 1964, Hilda Fink withdrew her objections. March 31, 1964, the other objector, Carmen Hill, did likewise and the will was then admitted and Fratzke appointed executor.

Thereafter the special administrator and his attorney were allowed fees of $250 each. The Miller law firm was allowed $1500 for services rendered in preparing for the will contest.

These items of expense, costs of administration and claims of approximately $3000 give rise to the controversy here. The questions presented to the trial court and to us on this appeal are whether and to what extent the realty owned by testator should be subjected to the payment of debts, charges and costs.

Fratzke individually and as executor contends the devised real estate should be abated to the extent required for ratable contribution to payment of these items. The two hospitals contend the bequest of personalty to Fratzke is a general legacy and that the personal property is the primary fund for such payment.

The facts are not in dispute. On trial the parties stipulated the value of personalty exceeds the total of claims and expenses. Other than the probate file no other evidence was submitted.

The trial court adopted the hospitals' contentions in his findings and conclusions and entered an order accordingly. Fratzke, individually and as executor, has appealed. He will be referred to as appellant. The two hospitals are appellees.

A right which is accrued or vested prior to January 1, 1964, the effective date of the Iowa Probate Code, is not affected by the latter, but is governed by the law in force prior to that date. Section 2, Iowa Probate Code.

We are here considering rights of the parties as they

accrued on October 18, 1963, the time of testator's death. It is fundamental law that a will speaks from the death of testator, and rights of the parties accrue at that time. In re Estate of McAllister, 191 Iowa 906, 915, 183 N.W. 596, 600; Hausen v. Dahlquist, 232 Iowa 100, 106, 5 N.W.2d 321, 324, 141 A. L. R. 1304. No rights under the new Iowa Probate Code are here involved. The parties do not contend otherwise.

Appellant asserts the trial court should have ordered pro rata payment because: (1) The legacy to him is specific, (2) if it is general then the devise to appellees is also general, (3) testator so intended and (4) the doctrine of equitable contribution is applicable.

██ ██  I. Legacies (of personalty) and devises (of realty) are of two kinds—specific and general. A specific legacy is a bequest of a particular thing that can be distinguished from others of the same kind. A general legacy does not direct delivery of some particular thing. Parsons v. Reel, 150 Iowa 230, 231, 129 N.W. 955; In re Estate of Hartman, 233 Iowa 405, 408, 9 N.W.2d 359, 361; In re Estate of Lepley, 235 Iowa 664, 668, 17 N.W.2d 526, 528; 96 C. J. S., Wills, section 1125; 57 Am. Jur., Wills, sections 1401 and 1402.

██  A bequest of all testator's personal property is general. In e Estate of Lepley, supra.

In 57 Am. Jur., Wills, section 1414, page 946, states: "The rule, which is sanctioned by the cases seemingly without dissent, that in the absence of a clearly expressed intention of the testator to the contrary, a bequest of all of the testator's personal property, an aliquot portion or the remainder thereof, or any bequest in similar general terms, is a general and not a specific legacy, has been applied in a number of cases." See also annotation, 88 A. L. R. 553.

We agree with the trial court's ruling the bequest to appellant is a general and not a specific legacy.

II. Appellant argues that if the legacy is general it must follow the devise to appellees is also general. With this contention we do not disagree. We do not, however, agree this requires pro rata abatement between them.

Appellant relies heavily on Nolte v. Nolte, 247 Iowa 868,

76 N.W.2d 881, 56 A. L. R.2d 854, which holds specifically devised realty and specifically bequeathed personalty should abate ratably. At page 881, 247 Iowa, page 889, 76 N.W.2d, we say: "There is authority that the personalty should abate first; but the majority rule is that where no contrary intent of the testator is shown, 'if both classes are liable for debts * * * they should contribute and abate ratably.' 57 Am. Jur., Wills, section 1461, page 984."

Our holding in Nolte is carefully limited to specific bequests and specific devises.

In determining the order of application of property of the estate to payment of indebtedness the usual order is this: First, unexempted personalty except specific bequests; second, realty specifically devised to pay debts; third, real estate descended; and fourth, real estate specifically devised and personalty specifically bequeathed, ratably. Wilts v. Wilts, 151 Iowa 149, 154, 130 N.W. 906, 908; In re Estate of Ritter, 239 Iowa 788, 796, 32 N.W.2d 666, 670, 2 A. L. R.2d 1301; Nolte v. Nolte, 247 Iowa 868, 879, 76 N.W.2d 881, 888, 56 A. L. R.2d 854.

We recognize this order of payment of estate debts in In re Estate of Lepley, 235 Iowa 664, 670, 17 N.W.2d 526, 529, and say: "As we have heretofore pointed out, the personal-property bequest was not specific. Being a general bequest it must bear the debt burden."

The order for payment of estate obligations is consistent with our well recognized rule that personalty is the primary fund for payment of decedent's debts. In re Estate of Brackey, 166 Iowa 109, 113, 114, 147 N.W. 188, 190; In re Estate of Lepley, 235 Iowa 664, 671, 17 N.W.2d 526, 529; Nolte v. Nolte, supra.

The bequest of nonexempt personal property to appellant being general requires this property be first used to pay debts, charges and costs unless it appears affirmatively from the will testator intended otherwise.

III. Appellant argues the will shows testator intended his debts and estate costs be paid pro rata. Like the trial court, we are unable to agree. Appellant makes no claim the will is ambiguous.

The personalty is the primary fund for the payment of debts of decedent, and, to be relieved, the intention to relieve it must appear affirmatively in the will. In re Estate of Brackey, 166 Iowa 109, 113, 147 N.W. 188, 190; In re Estate of Lepley, 235 Iowa 664, 671, 17 N.W.2d 526, 529. See also 57 Am. Jur., Wills, section 1468; 97 C. J. S., Wills, section 1322; Annotation, 2 A. L. R.2d 1310.

It must be presumed testator knew the law and made his will in the light thereof. In re Will of Kielsmark, 188 Iowa 1378, 1386, 177 N.W. 690, 693, 11 A. L. R. 156; Harvey v. Clayton, 206 Iowa 187, 197, 220 N.W. 25, 29; Benz v. Paulson, 246 Iowa 1005, 1013, 70 N.W.2d 570, 574; Nicholson v. Fritz, 252 Iowa 892, 897, 898, 109 N.W.2d 226, 229, and citations.

Testator could have easily directed ratable payment if he so desired. We find nothing in the will which manifests such intent.

IV. The principle or doctrine of contribution is one of equality in bearing a common burden. Lovrien v. Fitzgerald, 245 Iowa 1325, 1330, 66 N.W.2d 458, 462, and citations; 18 Am. Jur.2d, Contribution, sections 1, 7 and 8. As we have pointed out the law places the burden of paying debts, charges and costs here on the personalty. We find no basis for application of the doctrine of equitable contribution.

The order appealed from is—Affirmed.

All JUSTICES concur.