331 N.W.2d 127 (1983)
In the Matter of the ESTATE OF Walter C. SHEETS, Deceased.
Florence SHEETS, Executor, Appellee,
v.
Caroline CONKLIN, Appellant.
No. 67948.
Supreme Court of Iowa.
March 16, 1983.
*128 D. Bradley Kiesey, Washington, for appellant.
Douglas L. Tindal of Steward, Shearer, Owen & Tindal, Washington, for appellee.
Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ, and CARTER, JJ.
LARSON, Justice.
The sole question presented in this appeal is who should pay the estate tax on a gift, held to have been made in contemplation of deaththe donee of the gift, or the beneficiary of the decedent's will. The district court, in an action for construction of the decedent's will, concluded that the donee must pay the tax. We affirm.
Commencing in 1952, the decedent, Walter C. Sheets executed deeds conveying a total of 275 acres of farmland to Caroline Conklin, his daughter by a prior marriage. Originally, the deeds reserved a life estate in Sheets but, in 1975, he relinquished his life estate to Caroline by another deed. Sheets' widow, Florence, had joined in all of these conveyances, relinquishing her dower rights in the land.
Walter Sheets died testate in 1978. His will provided first, that his surviving spouse, Florence Sheets, was to receive his house; second, that his daughter, Caroline, was to receive any of his farmland not already conveyed to her; third, that Florence was to receive the residue of his estate; and fourth, that
[a]ll federal estate tax payable in my estate shall be paid solely from the nonmarital bequests or devises in my will, and ... that my wife, Florence Sheets, shall not be required to pay any portion of any federal estate tax due and payable in my estate.
Since less than three years had passed after the 1975 deed relinquishing the life estate, the Internal Revenue Service considered the transfer of the farmland a "gift in contemplation of death," and included it in the decedent's taxable estate. Without inclusion of this transfer in the estate, there would have been no estate tax liability; with the transfer, the liability is $19,064.66. Caroline declined to accept liability for the tax and Florence, as executor of decedent's estate, filed a petition for construction of the will and for a declaratory judgment that Caroline must pay it.

I. Review.

In this equitable action for construction of decedent's will, our review is de novo; weight is given to the trial court's findings below, but this court is not bound by them. Iowa Code § 633.33 (1981); Iowa R.App.P. 14(f)(7); see, e.g., Matter of Herring's Estate, 265 N.W.2d 740, 741 (Iowa 1978); Matter of Estate of Kruse, 250 N.W.2d 432, 433 (Iowa 1977).

II. Apportionment of Estate Tax Liability.

The Iowa Probate Code provides that all federal and state estate taxes shall be payable from the property of the decedent's estate without apportionment. Section 633.449 reads:

Payment of federal estate taxes. All federal and state estate taxes (as distinguished from state inheritance taxes) owing by the estate of a decedent shall be paid from the property of the estate, unless the will of the decedent or other trust instrument provides expressly to the contrary.
Accordingly, this court has held that federal estate taxes attributable to nonprobate property are payable out of the probate estate. Bergren v. Estate of Mason, 163 N.W.2d 374 (Iowa 1968).
*129 In Bergren, this court discussed the state of the law prior to the adoption of 633.449, stating
[t]his court for a long period recognized and followed the common law rule that such tax was to be paid from the residue of an estate unless it was insufficient. In September 1962, we recognized the doctrine of equitable contribution as applicable in certain situations to provide for proration of this tax. Kintzinger v. Millin, 254 Iowa 173, 190, 117 N.W.2d 68, 78. Also see In re Estate of Artz, 254 Iowa 1064, 1075, 120 N.W.2d 418, 425.
Id. at 376. The court concluded, however, that passage of section 633.449 removed "any doubt as to whether the federal estate tax, in absence of the direction of the will to the contrary, must be paid from the residue as the first source available. It is not to be apportioned." Id. at 378. (Emphasis added).
The problem in this case is that, while the decedent's will directed the estate tax to be paid from the "nonmarital assets" of his estate, there were in fact no nonmarital assets. The devise to his daughter of all "farm real estate" was of no effect; he had previously conveyed it to her by deed. The only assets actually passing under the will went to Florence and were therefore marital assets. Because the will's express direction for payment of the estate tax from "nonmarital" assets was ineffective, Caroline argues that section 633.449 requires the tax to be paid from the probate estate, even though it will come from marital assets.
The executor argues that the probate assets nevertheless cannot be subjected to payment of the tax, because the testator's direction that his widow's share not be subjected to payment "provides expressly to the contrary" under section 633.449. Caroline responds that nonprobate assets, such as the land transfer, could not be subjected to payment of the tax, because the will provision relieving the widow's payment of tax does not amount to an "express" provision for it as required by the statute. Such intent turns on implication, she argues, and that is not sufficient.
"Express" is defined as:
Clear; definite; explicit; plain; direct; unmistakable; not dubious or ambiguous. Declared in terms; set forth in words. Directly and distinctly stated. Made known distinctly and explicitly, and not left to influence.... Manifested by direct and appropriate language, as distinguished from that which is inferred from conduct. The word is usually contrasted with "implied."
Black's Law Dictionary 521 (rev. 5th ed. 1979).
While the testator's prescribed manner of payment was ineffective, we believe the end he sought was clear and unmistakeable: His widow's share was not to be reduced by payment of the federal estate tax. This is an express testimentary provision for apportionment of the tax under section 633.449.
III. The Power to Subject Nonprobate Property to Estate Tax.
The appellant asserts:
The practical question here is whether the testator has power to shift the federal estate tax burden that would otherwise fall on this probate estate to property over which he has no ownership or control at death.
Section 633.449, by providing that the tax will be paid from probate assets unless a contrary intent is expressed, clearly implies that the nonprobate assets may be subjected to it. In analogous cases involving life insurance, one authority notes that an executor or administrator may recover any tax, attributed to the insurance, from the beneficiary. S. Kurtz, Iowa Estates: Taxation and Administration § 21.9, at 961 (1981). See also Webster, Decedents' Estates: Success and Administration, 49 Iowa L.Rev. 638, 673-74 (1964).
The district court was correct in ordering reimbursement to the estate by Caroline, as the recipient of the land.
AFFIRMED.
All Justices concur except SCHULTZ, J., who dissents.
*130 SCHULTZ, Justice (dissenting).
I dissent.
In general, federal estate taxes are required to be paid by the executor I.R.C. § 2002. The federal government is, with two exceptions, not concerned with where the burden of the tax falls. See I.R.C. §§ 2006-07 (apportions tax on beneficiary of life insurance proceeds and recipient of property by virtue of decedent's power of appointment). The applicable state laws as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal estate tax. Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106 (1942). Our state law provides that the federal estate tax "shall be paid from the property of the estate, unless the will of the decedent... provides expressly to the contrary." Iowa Code § 633.449 (1981).
I find no language in the decedent's will that "expressly" states the tax is not to be paid by the estate. Although the will does specify that the tax shall be paid solely from the nonmarital bequests and devises, it does not state that nonprobate property is to be used to satisfy the tax. The majority does make this finding, yet it does so by discerning decedent's implied intent and treating it as expressly provided. As the majority recognizes, the word express is usually contrasted with the word implied. Black's Law Dictionary 521 (rev. 5th ed. 1979). Using legerdemain to avoid this distinction in an effort to cure the effects of inadequate draftsmanship results in a surprising and unnecessary interpretation of section 633.449.
I cannot agree with this interpretation and would reverse.