Harold Marvin **BARLOW**, Rose Mary Barlow and Rose Mary Barlow as Executor of the Estate of William E. Barlow, Appellees,

v.

Marilyn Feiereisen **BRUBAKER**, Defendant,

and

Arlene Feiereisen **Kacher**, Appellant,

and

Henry Lee **Feiereisen**, Defendant.

No. 88–1375.

Supreme Court of Iowa.

Jan. 23, 1991.

---

Eugene J. Kopecky of Ackley, Kopecky & Kingery, Cedar Rapids, for appellant.

William H. Roemerman of Crawford, Sullivan, Read, Roemerman & Brady, Cedar Rapids, for appellees.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

SNELL, Justice.

This appeal concerns the question whether a decedent's estate, or the donees of real estate passed outside the will but included in the probate estate, should be liable for the federal estate taxes arising from the passing of such property. The district court, by way of declaratory judgment, found appellant, and her two codefendants, liable for proportional shares of federal estate tax due on the property received outside the will. We transferred the case to the court of appeals which, by majority vote, affirmed in part and reversed in part the judgment of the district court. We granted further review and now vacate the decision of the court of appeals and affirm the judgment of the district court in its entirety.

William E. Barlow (William) died testate on July 20, 1978. William was the spouse of Florence Feiereisen Barlow (Florence), who died on December 20, 1977. Florence had three children by a prior marriage: Marilyn Feiereisen Brubaker (Brubaker), Arlene Feiereisen Kacher (Kacher) and Henry Lee Feiereisen (Feiereisen). These children are the defendants herein.

On January 27, 1978, within three years of William's death, William transferred several parcels of real estate to the defendants subject to a life estate. William's will provided that all taxes payable by reason of his death with respect to property passing under the will shall be paid out of the probate estate. The will also provided for no bequests or other devises to any of the defendants. However, because William's transfer of the real estate occurred within three years of his death, the property was

eventually included in the probate inventory.

In August 1982, the estate's tax return was audited by the Internal Revenue Service (I.R.S.). As a consequence of this audit, the I.R.S. requested payment of additional federal estate tax, interest and penalties by reason of the inclusion of the transferred property in the probate estate for federal estate tax purposes. The executor of the estate then filed a petition for declaratory judgment on June 29, 1987, seeking a judicial determination regarding the obligations of the parties to pay the federal estate tax, interest and penalties due on the transferred property.

A hearing was held on March 24, 1988, after which the court determined that the defendants were each liable for a pro rata share of the federal estate tax attributable to the transferred real estate. The court concluded that since the transferred property did not pass under the will, the estate is not required to pay the federal estate tax pursuant to Iowa Code section 633.449 (1977). Consequently, the court pro rated the additional tax, interest and penalties between the parties. Defendant Kacher now appeals this ruling.

■ Our scope of review in an equitable action for construction of a decedent's will is de novo. *See In re Estate of Sheets*, 331 N.W.2d 127, 128 (Iowa 1983); Iowa R.App.P. 4. While we give weight to the trial court's findings, we are not bound by them. *Sheets*, 331 N.W.2d at 128; *see also* Iowa R.App.P. 14(f)(7).

The primary issue is whether the decedent expressly provided in his will for the payment of federal estate taxes from sources other than the property of the estate. The Iowa Probate Code provides that all estate taxes, federal and state, shall be payable from the property of the decedent's estate. *See* Iowa Code § 633.449 (1977). Specifically, that section states:

> All federal and state estate taxes (as distinguished from state inheritance taxes) owing by the estate of a decedent shall be paid from the property of the estate, unless the will of the decedent, or

other trust instrument, provides expressly to the contrary.

*Id.*

Relying on this language, this court has previously held that federal estate taxes attributable to nonprobate property are payable out of the probate estate. *Bergren v. Estate of Mason*, 163 N.W.2d 374, 378 (Iowa 1968).

In *Bergren*, we also concluded that section 633.449 "removes any doubt as to whether the federal estate tax, *in the absence of a direction of the will to the contrary*, must be paid from the residue as the first source available. It is not to be apportioned." *Id.* (emphasis added).

Turning to the language of the will, we must determine whether the decedent sufficiently expressed an intent that the federal estate taxes be paid from sources other than property of the estate. The only two provisions of the decedent's will that offer guidance are articles II and IV, which provide in part as follows:

### ARTICLE II

I further direct that all my estate inheritance, transfer, legacy, succession and other taxes and duties of any nature payable by reason of my death which may be assessed or imposed upon or with respect to property passing under this Will shall be paid out of the estate as an expense of administration and no part of said taxes shall be apportioned or prorated to any legatee or devisee under this Will.

### ARTICLE IV

I intentionally make no provision hereunder for the children of my deceased wife, Florence H. Barlow. Said children, Marilyn Brubaker, Arlene Kacher, and Henry Lee Feiereisen, will receive valuable property upon my death by reason of remainders which they hold on property held by me for life. For that reason and for other good reasons well known to them, they should receive nothing under this Will.

The problem in this case is that as of the time of trial, the estate was essentially bankrupt. Even though the taxable estate was ultimately determined to be $245,-636.37, only $85,337.01 came into the hands of the executor. Except for $76.22 for the final bills of the decedent, all of the funds coming into the hands of the executor were expended for the costs of administering the estate or for taxes. Notwithstanding insolvency of the estate, the federal estate tax obligation is a liability which still must be paid. Because the will expressly directs that all estate taxes with respect to property passing under the will shall be paid out of the estate and shall not be apportioned· or pro rated to any legatee or devisee, Kacher argues that section 633.449 requires the tax be paid from the probate estate, even if insolvent.

The executor argues that the estate cannot be subjected to payment of the tax because of the testator's direction that "no part of said taxes shall be apportioned or pro rated to any legatee or devisee under this will." She contends that this language satisfies the requirement under section 633.449 of a provision "expressly to the contrary" that the taxes be paid by the estate. The executor further contends that because the will expressly directs that defendants "should receive nothing under this will" they are not legatees or devisees and are therefore not exempt from apportionment or proration. Kacher responds that nonprobate assets, such as the real estate transferred to defendants, cannot be subjected to payment of the tax because the will provisions pointed to by the executor do not amount to an "express" provision for it as required by Iowa law.

In *Sheets*, we adopted the Black's Law Dictionary definition of "express" for purposes of section 633.449 interpretation and construction. In that case:

"Express" is defined as:

Clear; definite; explicit; plain; direct; unmistakable; not dubious or ambiguous. Declared in terms; set forth in words. Directly and distinctly stated. Made known distinctly and explicitly, and not left to influence.... Manifested by

direct and appropriate language, as distinguished from that which is inferred from conduct. The word is usually contrasted with "implied."

Black's Law Dictionary 521 (rev. 5th ed. 1979).

*Sheets*, 331 N.W.2d at 129.

Applying this definition we said:

While the testator's prescribed manner of payment was ineffective, we believe the end he sought was clear and unmistakable: His widow's share was not to be reduced by payment of the federal estate tax. This is an express testamentary provision for apportionment of the tax under section 633.449.

*Id.*

■ The import of our decision in *Sheets* is not that an express statement must be made by the testator but that an intent must be manifested by the will as a whole that the estate not be held responsible for the estate taxes attributable to property passing other than by the will. In *Sheets* the intent of the testator was that his widow's share not be reduced by the federal estate tax. In the case at bar testator expressed his intent that the shares of any legatee or devisee under the will not be reduced by apportioned or pro rated taxes. None of the defendants were devisees or legatees under the will. Therefore, this protective proviso had no application to them. Indicative that the testator was aware of their having been favored by his hand is article IV. That article referenced his prior transfers by deed to them and that for this reason they should receive nothing under the will. If the executor had to pay the federal estate tax on these prior transfers to defendants, they would obviously receive something under the will, *i.e.*, their tax liability satisfied. The intent of article IV would be thwarted.

■ While the language of this will was hardly straightforward and was not of a quality to avoid litigation, we believe it met the requirement of section 633.449 to express intent. We hold that testator has expressly provided under section 633.449 that the estate tax payable on property passing to defendants other than under the

will be not paid by the estate. Accordingly, the district court's decision is affirmed.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.