474 N.W.2d 542 (1991)
In the Matter of the ESTATE OF Beulah E. DeVOSS, Deceased.
Alzheimer's Disease and Related Disorders, American Cancer Society, Iowa Division, and American Heart Association, Appellants.
No. 90-1244.
Supreme Court of Iowa.
September 18, 1991.
*543 Thomas Andrews, John R. Mackaman and Helen C. Adams of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellants.
Thomas J. Vilsack of Bell & Vilsack, Mt. Pleasant, for appellee William E. Foster.
Kenneth L. Keith of Keith, Orsborn, Milani & Neary, Ottumwa, for appellees Berrymans, Holsapples, and Randolph.
Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.
HARRIS, Justice.
An Iowa statute sets priorities among estate assets in order to assign the burdens of paying the various estate obligations. This is an appeal from a court ruling which applied the statute in a rather complex situation. We affirm in part, reverse in part, and remand.
Burdens are assigned by way of abatement. Abatement is "the reduction of gifts in a will because of insufficiency of funds to pay all debts, charges, and gifts in full." In re Estate of Hoagland, 203 N.W.2d 577, 579 (Iowa 1973). Since the adoption of the Iowa probate code in 1963, we have been provided with a statutory order of abatement. See Iowa Code § 633.436 (1989). It provides that shares, in accordance with their type, abate in a certain order. The order of abatement is as follows: (1) property not disposed of in the *544 will; (2) property devised to the residuary devisee; (3) property disposed of by the will but not specifically devised and not devised to the residuary devisee; (4) property specifically devised; and (5) property devised to a surviving spouse who takes under the will. As in Hoagland, the dispute in this case centers on items two, three, and four. See Hoagland, 203 N.W.2d at 580.
The probate code mandates this order unless the court finds "clear and convincing" evidence the testator intended a different one. Iowa Code § 633.437. The testator may express this intent in the will, the testamentary plan, or the express or implied purpose of the devise. Id.
Today we file our opinion In re Estate of DeVoss v. Berryman, 474 N.W.2d 539 (Iowa 1991), an appeal involving the same facts and same will which gave rise to this dispute. We need not repeat those facts in detail here. It will however help to say again that Beulah DeVoss' will made the following bequests:
2. All real property to William Elmer Foster
3. 2% of the remainder of the estate to each of nine named charities
4. All remainder of the estate to the Van Buren County Hospital; or, if this last bequest fails for some reason, the remainder equally to the nine charities listed in the second bequest.
Beulah's estate included the following property:

 Real Property:
 Tenants' 3 farms: $849,851
 Foster's share: 984,736
 _________
 Total Real Property: 1,834,587
 Personal Property: 887,196
 __________
 TOTAL ASSETS OF ESTATE: $2,721,783

The devise in paragraph 3 of the will, entitling each of the nine charities to two percent of the personal property, amounts to approximately $17,743 each, for a total of about $160,000. This leaves approximately $728,000 for the Van Buren County Hospital (hereinafter "hospital") under paragraph 4 of the will.
Faced with sizable estate taxes and conflicting claims to property, the executor filed an application for determination of order of abatement. The district court ruled that, should abatement be necessary, the order of abatement would be: (1) the hospital's share under paragraph 4, (2) the charities' share under paragraph 3, and (3) Foster's share under paragraph 2. The court directed that the tenants' interest in the deeded property not abate at all.
I. Beulah's devise to Foster is found in paragraph 2 of her will and reads as follows:
I give, devise and bequeath to William Elmer Foster all of the real property of which I may die seized or possessed or to which I may be entitled wherever situated.
The district court categorized this device as a specific devise of real property. The charities strenuously disagree, arguing that it is a general devise.
A specific devise is "a bequest of a particular thing that can be distinguished from others of the same kind." In re Estate of Hill, 258 Iowa 1186, 1190, 140 N.W.2d 711, 713 (1966). It is "a designated article or specific part of the testator's estate which is identified and distinguishable from other things of the same kind, which may be satisfied by delivery of the specific thing or portion." Hoagland, 203 N.W.2d at 581 (quoting Leighton v. Leighton, 193 Iowa 1299, 1313, 188 N.W. 922, 929 (1922)). According to these definitions the broad devise to Foster in paragraph 2 is general rather than specific.
On the basis of an early Iowa case, Foster contends a different result is mandated here because it involves real estate rather than personal property. See Henderson v. Green, 34 Iowa 437, 439 (1872). We are a good deal less than convinced that Henderson stands for the distinction which Foster suggests. If it does we overrule it because it is contrary to statute. Iowa Code section 633.436 provides for abatement and specifically directs that it be "without any preference or priority as between real or personal property." Moreover we see no logical basis for such a distinction. The rule elsewhere makes no distinction between real and personal property *545 in resolving whether a gift is general or specific. 80 Am.Jur.2d Wills § 1527, at 589-90 (1975) (rule in United States is to treat devises of real property the same as those of personal property for purpose of classification). The district court's conclusion that Beulah's devise to Foster was specific must be reversed.
II. All parties concede that the devises to the charities in paragraph three of the will are general. It provides: "I give, devise and bequeath an amount equal to 2% of the remainder of my estate to each of the following: [nine listed charities]." Because the devise to Foster is also general, we must decide which devise abates first.
When determining priority between devises of the same class, we attempt to discern the testator's intent. We note and approve the following:
[T]he recognized rule is that where [general legacies] are mere bounties as distinguished from legacies given upon some consideration, they abate pro rata, unless an intention to create a preference may be gathered either from the express terms of the will or the reasonable implications thereof. The presumption is that equality was intended, and the burden is on the legatee to show an intention that he should have a preference.

80 Am.Jur.2d Wills § 1741, at 795 (1975) (emphasis added).
We discern no preference to the charities as a result of also being mentioned as residuary beneficiaries under paragraph 4 of the will. Neither do we find any advantage to Foster as a result of our holding in In re Estate of Hill, 258 Iowa at 1191, 140 N.W.2d at 714. Hill was not decided under Iowa Code section 633.436, but under common law principles.
Because the gifts to Foster and to the charities are alike, general, they should be abated pro rata. The district court must also be reversed on this issue.
III. The final and certainly the most troublesome question in the appeal involves estate taxes on the farms deeded to the tenants. Although the farms passed by way of the disputed deeds, they were valued at approximately $850,000 as estate property. This was necessitated by familiar federal legislation requiring the inclusion of property given in contemplation of death.
The charities rely on Kintzinger v. Millin, 254 Iowa 173, 193, 117 N.W.2d 68, 80 (1964), in which we held that the donee of an inter vivos gift must pay the proportion of federal estate taxes generated by the gift's inclusion in the estate. We specifically based our holding, however, on equitable principles because no Iowa statute or prior case then addressed the issue.
The legislature responded to our Kintzinger holding by adopting Iowa Code section 633.449 as a part of the probate code. It provides:
All federal and state estate taxes (as distinguished from state inheritance taxes) owing by the estate of a decedent shall be paid from the property of the estate, unless the will of the decedent, or other trust instrument, provides expressly to the contrary.
In Bergren v. Estate of Mason, 163 N.W.2d 374, 377 (Iowa 1968), we noted that this section overruled our Kintzinger holding. See Webster, Decedents' Estates: Succession and Administration, 49 Iowa L.Rev. 638, 672-74 (1964). Kintzinger is no longer the law.
The charities suggest two arguments in attempting to escape from section 633.449. They point out the section is not binding when the testator intends for all parties to share in payment of the taxes. But they can cite no portion of the record supporting such an intent by Beulah. The will is silent regarding who should pay estate taxes, and no evidence was presented on the issue.
The charities also urge it is inequitable for the tenants to escape payment of estate taxes when the value of their farms was used to calculate the tax. We however cited a similar reason to support our holding in Kintzinger. As mentioned, the legislature was not impressed. We are now obliged to direct payment of the estate taxes from the residue of the estate.
*546 After briefs were filed in this appeal we decided Barlow v. Brubaker, 465 N.W.2d 276 (Iowa 1991), a first reading of which might give some support to the charities' position. Barlow is however limited to its facts. It does not hold that property passing by deed must stand its proportionate share of estate taxes. To hold this would be a direct assault on section 633.449. The Barlow will listed those for whom the estate would pay the tax, and notably did not list the grantees of the deeds. We have no such listing in the present case.
The trial court correctly determined the tenants' property is not responsible for payment of the estate taxes. We thus conclude that the district court's abatement order must be reversed and the order of abatement, if any, should be as follows:
1. Residuary interest described in paragraph 4.
2. General devises described in paragraphs 2 and 3, pro rata.
The tenants will not be liable for any share of the estate or gift taxes.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.