**IN THE COURT OF APPEALS OF IOWA**

No. 21-0218
Filed May 11, 2022

**IN THE MATTER OF THE ESTATE OF**
**DENNIS R. PETERSON, Deceased.**

**JOSEPH PARCELL,**
     Appellant.
_____

Appeal from the Iowa District Court for Jefferson County, Myron Gookin,

Judge.

A beneficiary appeals a district court order granting an executor's

application to sell real estate. **AFFIRMED IN PART, REVERSED IN PART, AND**

**REMANDED.**

John G. Daufeldt of John C. Wagner Law Offices, P.C., Amana, for

appellant.

Thomas J. Miller, Attorney General, and Laura F. Kron, Assistant Attorney

General, for appellee.

Heard by Bower, C.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Joseph Parcell appeals a district court order granting an executor's application to sell real estate that was bequeathed to Parcell. He claims that, as the estate was not insolvent, abatement was unnecessary. Parcell also argues the district court failed to comply with the statutory order of abatement. We affirm the district court's determination that abatement was required to satisfy the debts and charges of the estate. As the order of abatement outlined by statute was not followed, we reverse that portion of the abatement order. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

## I.    Background Facts & Proceedings

Dennis Peterson executed a will on August 27, 2018.[1] The will provided, in part, "I hereby give to Joe Parcell lifetime use of the 2nd and 3rd bays at 207 Collins Street . . . so long as he pays 35% of overhead." The will further stated, "I hereby give the rest, residue and remainder of my property to my daughter, Donna Sue Peterson." Dennis's will designated Donna as the estate's executor. Dennis passed away on February 25, 2020.

A probate proceeding was initiated on March 20. The Iowa Department of Human Services (DHS) filed a claim seeking reimbursement of $138,086.27 from the estate. A report and inventory was filed on June 15. On November 23, the executor petitioned for authority to sell real property. The petition asked the court to authorize the executor to sell the property at 207 Collins Street, requesting that the court determine that "[Parcell's] life time estate has been adeemed due to the

---

[1] The validity of the will is uncontested.

outstanding bills existing and the value of the decedent's estate." The court denied the petition, finding the doctrine of ademption was inapplicable.[2]

A second petition for authority to sell real property was filed on December 23. The petition stated that the property "must be sold for the purpose of paying debts . . . pursuant to Iowa Code Sections 633.425 and 633.436 [(2020)]."[3] An attachment to the petition set forth additional debts of the estate not included in the initial inventory. Counsel waived record of the hearing. The district court granted the petition, finding, "There is no dispute the debts and charges of this estate exceed its assets." Consequently, "because the debts and charges of the estate exceed the assets, the specific devise of the life estate in two bays of a storage building to Joe Parcell abates for payment of the estate's debts and charges." Parcell appeals.[4]

## II.    Standard of Review

We review probate matters concerning the sale of property de novo. *See In re Est. of Waterman*, No. 10-0960, 2011 WL 768753, at *3 (Iowa Ct. App. Mar. 7, 2011); *see also* Iowa Code § 633.33. We are not bound by the district court's findings of fact, but we do give them weight. *Waterman*, 2011 WL 768753, at *3.

---

[2] The order denying the estate's first application to sell is not challenged on appeal.
[3] Section 633.425 deals with the classification of debts by the executor. Section 633.436 provides the general order of abatement.
[4] DHS filed a brief in response to Parcell's appeal. The estate waived briefing and concurred with DHS briefing.

## III.     Discussion

Parcell argues abatement was unnecessary because the estate was not insolvent.[5]  He also asserts the district court did not follow the order of abatement established in section 633.436.  DHS and the estate claim the executor had the statutory authority to sell real estate under section 633.264.  Finally, both DHS and the estate claim the matter of abatement is not ripe and request that, "to the extent the district court relied on abatement, that portion of the order be reversed."

### A.     Insolvency of Estate

We turn first to Parcell's argument that, because the estate was not insolvent, abatement was unnecessary.  Parcell focuses his argument on the initial inventory the estate submitted to argue the assets exceed the debts, and therefore, abatement was not needed.[6]  Parcell's focus on the solvency or insolvency of the estate is misplaced.  Abatement is not limited to situations involving an insufficient estate.  Our supreme court has upheld an order of abatement concerning an estate valued at $2,721,728.00 that faced sizeable estate taxes.  See *In re Est. of DeVoss*, 474 N.W.2d 542, 546 (Iowa 1991).  "Abatement is 'the reduction of gifts in a will because of insufficiency of funds to pay all debts, charges, and gifts in full.'"  *Id.* at 543 (quoting *In re Est. of Hoagland*, 203 N.W.2d 577, 579 (Iowa 1973)); *accord* 80 Am. Jur. 2d Wills § 1474 (2022) (noting that abatement generally occurs

---

[5] DHS acknowledged it was concerned whether enough liquid assets would be generated to pay the claim filed.

[6] The inventory calculates total assets of $410,832.58, which includes three separate tracts of real property.  Parcell calculates total debts, including a mortgage and debt owed to DHS, at $349,756.27, with the estate having a net value of $61,076.31.

when "an estate is insufficient to pay all the testator's debts, all the costs of administration, and all the devises in full")

Abatement is required to pay the debts and charges of the estate. There is a lack of funds available to pay "all the debts, charges, and gifts in full" without a sale of property. We agree with the district court's determination that abatement was necessary.

**B.      Order of Abatement**

The central question before us is the order in which the property abates. Parcell argues the district court failed to follow the order for abatement set out in section 633.436. In contrast, the estate and DHS rely on section 633.264, which authorizes an executor to sell real estate. However, we have little trouble discerning the statutes are not mutually exclusive.

Section 633.264 notes that, subject to a surviving spouse taking an elective share, "any person of full age and sound mind may dispose by will of all the person's property, except an amount sufficient to pay the debts and charges against the person's estate."[7] That section merely authorizes the executor, rather than another party, to dispose of the estate's property. It does not, however, provide blanket powers to dispose of property in any way the executor sees fit. Instead, section 633.436 provides the order by which property is sold to pay the

---

[7] DHS also cites sections 633.350 and 633.386, both of which confirm an executor's ability to sell property. Section 633.350 notes that while title passes immediately upon the testator's death, the executor retains possession of property "for the purposes of administration, sale, or other disposition under the provisions of law . . . [and] shall be chargeable with the payment of debts and charges of the estate." Similarly, section 633.386 authorizes the executor to sell real and personal property as necessary to pay debts against the estate.

estate's debts and charges—a process known as abatement. *See Hoagland*, 203 N.W.2d at 579. Thus, read together, section 633.264 authorizes the executor to dispose of property and, if necessary to pay debts against the estate, following the abatement procedure set out in section 633.436.

The district court did not follow the order of abatement outlined in section 633.436, which notes the general order of abatement: (1) property not disposed of by will; (2) property devised as the residue of the estate, (3) general devises; (4) specific devises; and (5) property devised to the surviving spouse. *See DeVoss*, 474 N.W.2d at 543. Under Peterson's will, there are only two beneficiaries: Parcell, who takes a life estate in a particular piece of real estate, and Donna, who receives "the rest, residue and remainder" of the property. The bequest to Parcell is a specific devise. *See id.* at 545 (quoting *In re Est. of Hill*, 140 N.W.2d 711, 713 (Iowa 1966)) ("A specific devise is 'a bequest of a particular thing that can be distinguished from others of the same kind"). Donna took the residue of the estate. Thus, under section 633.436, Donna's bequest must abate prior to Parcell's bequest.[8] The record before us reflects that at least one property in the residue— 205 Davis Street—has yet to be sold.[9] It is unclear whether other assets in the residue, including several cars and outstanding personal loans, have been abated.

DHS and the estate offer another argument to validate the sale of the specific bequest. They claim the property is not subject to abatement because the

---

[8] At oral arguments, Parcell suggested a remand for a hearing pursuant to section 633.437. However, neither party argued before the district court that the property should abate in a manner contrary to section 633.436. *See* Iowa Code § 633.437.
[9] There were suggestions at oral argument that this property has been sold. Given that the sale is not contained in our record, we do not factor such into our opinion.

executor is merely organizing assets and the estate is not actively paying off debts in a way that typically triggers abatement. As a result, they assert abatement is not ripe. To the extent the district court determined the abatement was ripe for review, DHS and the estate request that we reverse the district court as to the determination that abatement was required.

We are not convinced by this argument. The estate's petition to sell the property specifically identified that the estate is in debt and "[t]he property must be sold for the purpose of paying debts . . . pursuant to Iowa Code Section[ ] . . . 633.436." The estate indicated to the district court that the sale was necessary to pay debts pursuant to the general order for abatement. "Under the Doctrine of Invited Error, it is elementary a litigant cannot complain of error which he has invited or to which he has assented." *McCracken v. Edward D. Jones & Co.*, 445 N.W.2d 375, 378–79 (Iowa Ct. App. 1989). The estate asked the district court to authorize the sale pursuant to the doctrine of abatement. It cannot now ask our court to reverse the very ruling requested.

Further, when ruling on the petition, the district court stated, "The court concludes that because the debts and charges of the estate exceed the assets, the specific devise of the life estate . . . abates for payment of the estate's debts and charges." The estate argued that the estate's property required abatement. Neither DHS nor the estate filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) to amend or enlarge the district court's ruling that determined the property was subject to abatement. Neither the DHS nor the estate suggested to the district court that the sale would not abate Parcell's bequest. As a result, the ripeness argument is unpreserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532,

537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district before we will decide them on appeal.").

Even considering the merits of the claim, we are convinced the abatement issue is ripe. "An issue is ripe for determination when specific adverse claims exist and when those claims are based on present rather than speculative facts." *State v. Backe*, 601 N.W.2d 374, 375 (Iowa Ct. App. 1999). While the estate claims this is simply an organization of assets, their second petition included documentation of an offer to purchase the property "subject to the full removal of Joe Parcell and his encumbrances." Therefore, approval of the petition for sale would remove the impediment to executing the purchase agreement. Accordingly, the approval of the petition would, as the district court noted, "[e]ffectively . . . extinguish[ ] Parcell's life estate interest." Approval of the petition results in an adverse impact to Parcell's life estate interest in the property, and we are not left to rely on speculative facts in order to decide the claim.

## IV. Conclusion

Abatement is necessary to pay the debts and charges of the estate and we affirm the district court as to this conclusion. As the order of abatement provided for in Iowa Code section 633.436 was not followed, we reverse the district court's order of abatement in that regard. The order of abatement should be as follows: residuary bequest to Donna Peterson and then the specific bequest to Joseph Parcell. We remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**